The State of Ohio *v.* Lamb.

[Cite as State v. Lamb (1973), 34 Ohio Misc. 104.]

(No. 5999—Decided March 6, 1973.)

Kettering Municipal Court.

*Mr. Roman R. Ensminger,* for plaintiff.
*Mr. James D. Ruppert,* for defendant.

Berger, J.  This matter is before the court on a motion to suppress evidence allegedly obtained as the result of an unlawful arrest.

The facts in this case are that the defendant was seated in his automobile in the parking lot of the Frigidaire Divi-

sion of General Motors at 8:50 p. m. on December 22, 1972, in the city of Moraine, county of Montgomery, and state of Ohio. He was observed by a privately employed guard of the Frigidaire Company to duck his head below the window level of his automobile, and the guard, suspecting some misconduct, approached the defendant's vehicle. He observed the defendant rolling a cigarette and ordered the defendant from his vehicle and took him to the Frigidaire Company guard station nearby, where Moraine City Police Officer James Atchison was summoned to the scene. Upon Officer Atchison's arrival, the defendant was handcuffed and returned to his automobile where a search of the automobile was conducted by the Moraine City Police Officer, and material, agreed to be marijuana, was seized by the police officer.

The issues presented by this case are:

1. Was the removal of the defendant from his automobile by the Frigidaire guard and the subsequent taking of his person to the guard station an arrest within the law?

2. Was the subsequent handcuffing and taking into custody of this defendant by the Moraine Police Department a new arrest or conduct in furtherance of his arrest by the Frigidaire guard?

3. Should evidence obtained or observed by the Frigidaire guard be admitted into evidence at a subsequent trial of the issues arising when the defendant is charged by a Moraine City Police Officer with violation of R. C. 3719.41, "possession of a hallucinogen"?

4. Was the search of the defendant's automobile by the Moraine City Police Officer a proper search as permitted by the Constitution of the United States of America?

This court is of the opinion that R. C. 2935.04 permits any person who has reasonable grounds to believe that a felony has been committed to arrest without a warrant another whom he has reasonable cause to believe is guilty of the offense and to detain him until a warrant can be obtained. It is a well-established rule of construction of criminal statutes that they must be construed *strictly* against the state and in favor of the defendant. This sec-

tion in no way implies that a private citizen can arrest for a misdemeanor without a warrant; and the offense charged in this instance, to wit, possession of a hallucinogen, is clearly a misdemeanor unless that possession is in fact a second offense—and nowhere in these facts is there any indication that this guard, or anyone else, knew that defendant had ever been convicted of violating this section of the Ohio Revised Code previously. Therefore, this guard was not making an arrest for the commission of a "felony" which he had reasonable cause to believe was being committed in his presence.

Counsel for the state argues that the guard was enforcing "Shop Rule No. 36" and that his conduct was, therefore, proper. However, this court does not have a copy of the Shop Rules of the Frigidaire Division of General Motors and it cannot, therefore, determine what effect "Shop Rule No. 36" has on any of the legal issues raised by the conduct of this guard. It is, therefore, the opinion of this court that the taking into custody of the defendant by the guard of the Frigidaire Company had no basis in the law, and, therefore, what he did does not constitute such an arrest as will bring the person of the defendant within the jurisdiction of the criminal courts of this state.

We come now to the second issue set forth hereinabove. This court is of the opinion that the defendant was in fact never out of custody from the time he was taken from his vehicle and that the apprehension and custody of him by the Moraine Police Department did not constitute a new arrest by a police officer, which could be tested by the rules applicable to such arrests.

R. C. 2935.03 grants to a police officer the authority to "arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained." It is clear that when Officer Atchison arrived at the Frigidaire Plant the defendant was in the guard station and nowhere near his vehicle. He was clearly in the custody of the guard. Nowhere in the facts is there any indication that Officer Atchison ever "found," by the use of his five senses, the defendant violating any

law of this state. In fact, there is no showing that the defendant was in possession of anything illegal at the time Officer Atchison arrived on the scene, because the defendant was in the guard station, which was clearly under the control of the detaining guard. The only way the defendant could ever be placed near the alleged illegally possessed material while the Moraine Police Officer was present was for the police officer and the guard to take him back to the automobile. Therefore, this court is of the opinion that the subsequent custody of this defendant by the Moraine Police Department was such that it also had no basis in law and can only be determined to be a furtherance of the detention of the defendant by the Frigidaire guard.

It is the opinion of this court that the answer to issue number three must be founded in the decision of *Mapp* v. *Ohio*, 367 U. S. 643, and that is that illegally obtained evidence cannot be used in the prosecution of any criminal case in the United States. It is the opinion of this court that because the Frigidaire guard was without authority to arrest the defendant as is set forth hereinabove, because the evidence obtained by that guard was incident to an unlawful arrest by this guard, and because the conduct of the Moraine City Police Officer only furthered an already illegal act; this evidence was never properly obtained and could not, therefore, be admitted into evidence at a trial of the defendant for violating R. C. 3719.41.

We come now to the last issue presented by these facts. This court is of the opinion that the resolution of this issue is dictated by the rulings on the first three issues. It is clear that, throughout recent decisions of all the courts called upon to rule on issues such as these, those courts have concluded that searches of a person which are without a warrant and which are not incidental to a lawful arrest cannot bear fruit which will be admitted into evidence against a person subsequently charged with a criminal violation. Thus, where, as here, this officer went to the defendant's automobile after the defendant was in custody of a guard without lawful authority to commit the acts which he committed and when the defendant never violated

any statute or ordinance in the presence of the Moraine City Police Officer, the search of the defendant's automobile was not incident to a lawful arrest and the fruits of that search, even though the contraband was in plain view, cannot be admitted into evidence in a criminal proceedings for the possession of such contraband. It has been established many times that in order for a police officer to search the person of a citizen or his surroundings the citizen must be a proper subject for search; and unfounded fishing expeditions by police officers will not be condoned by the courts of this land. Therefore, unless this police officer had reasonable grounds to believe that this defendant had committed an offense or unless this officer had properly stopped him for some reason he cannot invade the privacy of this defendant or any other citizen without just cause.

For the foregoing reasons this court is of the opinion that all evidence obtained by the Frigidaire guard or the Moraine Police Department incident to the unlawful arrest and detention of this defendant should be, and it hereby is, suppressed.*

*Motion granted.*

---

*The instant case was subsequently dismissed.