THE STATE OF OHIO *v.* GRIFFIN.

(No. 77-CRB-02694—Decided June 10, 1977.)

Akron Municipal Court.

*Mr. Victor Dandrea*, city prosecutor, for plaintiff.
*Mr. Michael Kaplan*, for defendant.

GEORGE, J.  Prior to trial, defendant made a motion to dismiss on the ground that the arrest of the defendant was illegal.  In support of this motion counsel argued that a security guard for M. O'Neil's Company, in detaining a shoplifter, was obstructed in such detention by the defendant and that said security guard placed the defendant under arrest for obstructing justice.

This motion to dismiss challenges only the legality of the arrest.  If the arrest was legal, the motion should be overruled.  If the arrest was illegal, the motion must be sustained.

R. C. 2935.03 provides:

"A sheriff, deputy sheriff, marshal, deputy marshal, or police officer shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"When there is reasonable ground to believe that an

offense of violence, or a theft offense as defined in Section 2913.01 of the Revised Code, has been committed a sheriff, deputy sheriff, marshall, deputy marshal, or police officer may arrest without a warrant any person whom he has reasonable cause to believe is guilty of the violation.

"A constable within the limits of the township in which said constable has been appointed or elected, shall arrest and detain a person found by him in the commission of a misdemeanor, either in violation of a law of this state or an ordinance of a village, until a warrant can be obtained."

Is a store security guard a sheriff, deputy sheriff, marshal, deputy marshal, or police officer as provided in Section 2935.03? The answer, of course, must be no. So any authority for detention must come from Section 2935.041, which reads in part as follows:

"*A merchant or his employee or agent, who has probable cause for believing that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may,* in order to recover such items without search or undue restraint or in order to cause an arrest to be made by a police officer until a warrant can be obtained, *detain such person* in a reasonable manner for a reasonable length of time within the said mercantile establishment or the immediate vicinity thereof." (Emphasis added.)

An arrest made by a security employee employed by a department store, and acting solely on behalf of and for the benefit of such department store, does not constitute governmental action or participation, even though such employee is commissioned as a special policeman.

It is evident that the security employee was within the scope of his employment with O'Neil's at the time of the defendant's arrest, and that said security employee had only such authority as is granted under R. C. 2935.041, i. e., to detain a person, providing there is probable cause to believe such person unlawfully took merchandise from his employer.

In the case at hand the defendant was not detained because he was believed to have taken merchandise unlawfully from O'Neil's, but because the defendant interfered

with the detention of a person who was shoplifting. In the instant case this is further complicated by the fact that the person shoplifting was never charged nor apprehended of petit theft.

The court can only conclude that this arrest was beyond the scope of any authority granted by the state Legislature under R. C. 2935.03 and 2935.041.

Criminal statutes must be strictly construed and a reading of R. C. 2935.041 authorizes a store security employee to detain only such persons as may be believed to have unlawfully taken merchandise. This is not blanket authority for detention of a person committing any misdemeanor in a department store, it must be a theft.

The defendant's motion is well taken and accordingly the court dismisses the charge at the city's cost.

*Motion granted.*