CITY OF CLEVELAND *v.* KUFRIN.

(Nos. 82 CRB 15508 A and B—Decided
November 4, 1982.)

Cleveland Municipal Court.

*Mr. Jose C. Feliciano,* city prosecutor, and *Ms. Emanuella Groves,* for plaintiff.

*Mr. Peter Onysko,* for defendant.

ADRINE, J. The defendant has moved the court to dismiss the complaints against him. The defendant is charged with two offenses. The first charges him with criminal trespass in a motor vehicle in violation of Cleveland Codified Ordinance Section 625.07. The second charges him with a violation of Section 615.08(a), to wit, resisting arrest.

In support of his motion, the defendant argues that he has previously been convicted for the offense of petty theft, emanating from this same transaction. It is his contention that the petty theft and the auto trespass are "allied offenses of similar import," as contemplated by R.C. 2941.25. As such, he argues, his conviction of the petty theft serves as a bar to a conviction for criminal trespass. The defendant also argues that since the complainant, a publicly commissioned private security officer, does not belong to the class of individuals specifically empowered to make warrantless misdemeanor arrests, under R.C. 2935.03, his arrest of the defendant for resisting arrest was illegal and exceeded his statutory authority.

The prosecution for its part contends that, with regard to the first issue raised, the defendant possessed a separate animus for the commission of the auto trespass and for the petty theft and therefore could be convicted of both. Concerning the defendant's second issue, the prosecutor maintains that state and local law empower a special police officer to arrest for a misdemeanor violation without a warrant.

The facts appear to be relatively simple and undisputed. According to the recitation in the brief supporting defendant's motion, they are as follows:

"On July 4, 1982, Defendant John Kufrin reached through the open window of a car parked on a public street and removed from the dashboard of the vehicle a signal flasher. Daniel C. Molnar, a private security officer, observed the theft and chased and caught John Kufrin."

The defendant was subsequently charged with three offenses: petty theft, auto trespass and resisting arrest. At some point the petty theft charge was bifurcated from the remaining two and the defendant was found guilty and sentenced on that charge.

### Issue 1
### Allied Offenses

Defendant's argument on his first issue is based on his interpretation of R.C. 2941.25(A), which reads:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

The Ohio Supreme Court reviewed this issue in its decision in *State* v. *Roberts* (1980), 62 Ohio St. 2d 170 [16 O.O.3d 201]. The defendant in *Roberts* was charged with, convicted of, and sentenced on two counts of an indictment which charged him with both possessing and selling a narcotic substance. The Supreme Court reversed, finding that the two violations were "allied offenses of similar import." In so doing, the court referred to one of its earlier pronouncements on the subject:

"In *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242], 386 N.E. 2d 1341, this court addressed the question of whether the offense of rape, * * * and the crime of kidnapping, * * * could be 'allied offenses of similar import' within the contemplation of R.C. 2941.25(A). In answer-

ing that query in the affirmative, this court reasoned, at page 75, that 'R.C. 2941.25(A) "* * * prohibits duplication where both crimes are motivated by a single purpose and where both convictions rely upon identical conduct and the same evidence." ' " *State* v. *Roberts, supra,* at 173.

Further explanation of the Supreme Court's position on this matter can be found in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, at pages 128-129 [14 O.O.3d 373]. There, the court said:

"* * * [T]here must be a recognized similarity between the elements of the crimes committed." *Id.* at 128.

Later, in the same opinion at page 131, the court went on to say:

"Where an individual's motive involves the commission of one offense, but in the course of committing that crime he must, *a priori,* commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime."

Applying the tests employed in *Roberts, Donald* and *Logan, supra,* to the facts in the case at bar, it appears that the defendant had "but a single animus" when he reached into the open window of a stranger's automobile, and that was to remove the flasher. R.C. 2941.25(A) would seem to ban the defendant's conviction for violation of Section 625.07 because of his earlier conviction for a violation of Section 625.05 which arose out of the same factual transaction.

This determination does not, however, require that the court dismiss the criminal trespass charge. As the Court of Appeals for Cuyahoga County stated in *State* v. *Kent* (1980), 68 Ohio App. 2d 151, at page 154 [22 O.O.3d 223]:

"The allied offense statute does not mean that persons cannot be either indicted, tried or found guilty of multiple offenses, even when they are classified as allied offenses. See *State* v. *Osborne* (1976), 49 Ohio St. 2d 135, 144 [3 O.O.3d 79], vacated on other grounds (1978), 438 U.S. 911 * * *.

"The allied offense statute merely provides that where allied offenses are present, the person can only be convicted of one of the offenses. Conviction in this context means a judgment of conviction.

"A judgment of conviction has been defined as a plea or verdict of guilty and the sentence imposed. Crim. R. 32(B); *State* v. *Henderson* (1979), 58 Ohio St. 2d 171 [12 O.O.3d 177]. Thus the sentence imposed completes the judgment of conviction. When we speak of the allied offense doctrine, we are speaking of offenses for which an individual may be sentenced. In reality, the allied offense statute is a sentencing vehicle."

The Court of Appeals for Cuyahoga County has spoken most recently on this topic in *State* v. *Moralevitz* (1980), 70 Ohio App. 2d 20 [24 O.O.3d 16]:

"The allied offense doctrine merely prohibits conviction of allied offenses, not the submission of the offenses to the jury." *State* v. *Moralevitz, supra,* at 23.

Further on in that opinion the trial court's role is more fully explained:

"Based upon these authorities, the determination of an allied offense question is a two-step process. The first step is a statutory analysis whereby the elements of the applicable statutes are reviewed and a determination made as to whether the offenses are allied offenses of similar import. * * * If the offenses are found to be allied offenses of similar import, then the second step of the inquiry must be undertaken and this constitutes a review of the evidence and a determination made as to whether the offenses were committed separately or with a separate animus as to each." *Id.* at 25-26.

Clearly, such a process envisions the trial court hearing some evidence before deciding the issue in any given case. That has not happened in the case at bar.

### Issue 2
### The Authority of a Private Police Officer to Conduct a Warrantless Arrest for a Misdemeanor Offense

The defendant's second issue raises

the question of the authority of a publicly commissioned private police officer to arrest for a misdemeanor without a warrant. The defendant maintains that such officers are not enumerated in R.C. 2935.03, which sets out who may make arrests without a warrant.

Certainly, the language of R.C. 2935.03 does not specifically grant authority to publicly commissioned private police officers to make warrantless arrests. Therefore, at first blush, it would appear that the well-established rule of statutory construction of criminal statutes which requires such statutes to be strictly construed against the state and in favor of the defendant would sustain the defendant's position. See *State* v. *Griffin* (1977), 54 Ohio Misc. 52, 54 [6 O.O.3d 455]. See, also, *State* v. *Lamb* (1973), 34 Ohio Misc. 104, 105-106 [63 O.O.2d 410].

However, strict construction of the statute does not require that such construction be carried out in a vacuum.

R.C. 737.05 provides that, in a city having a municipal charter, "[t]he director of public safety of such city * * * may commission private policemen * * * under such rules and regulations as the legislative authority prescribes."

The city of Cleveland operates under a municipal charter. Its legislative authority, city council, has provided for publicly commissioned private police. Such officers are defined in Sections 670.01 (a), (b), and (c). Subsection (a) states that " 'Armed security guard' means * * * a person engaged for hire or employed as a watchman, guard, private policeman or other person whose primary duty is to protect persons or property or both, with the exception of such persons who do not carry a weapon of any kind."

The authority to commission armed security guards is given to the director of public safety by Section 670.03(b).

Most important to this discussion is the authority to arrest granted to armed security guards by Section 670.04(b). That section reads, in pertinent part, as follows:

"* * * Each armed security guard so commissioned has the power to arrest a person committing a misdemeanor in his or her presence, and such other authority as the Director may direct by the rules and regulations mentioned in subsection (a) hereof, subject to all ordinances, the City Charter and all applicable State and Federal laws."

Thus, it will be seen that in the city of Cleveland a private police officer, holding a commission from the director of public safety as an "armed security guard" is authorized to make a warrantless arrest for a misdemeanor committed in his presence. See, also, *Neapolitan* v. *United States Steel Corp.* (1956), 77 Ohio Law Abs. 376.

### Conclusion of Law

From the authorities cited and its own research, the court finds that the defendant's motion to dismiss is not well taken. While, under the facts proffered, criminal trespass and petty theft may well be "allied offenses of similar import," it will be necessary for the court to take evidence on that question as well as to whether the offenses were committed separately or with a separate animus as to each offense. Additionally, there is no merit to the defendant's argument that the arresting officer, commissioned as an "armed security guard" by the Director of Public Safety for the city of Cleveland, had no authority to arrest him for resisting arrest. Clearly, such an arrest is authorized under state statute and municipal charter, as well as municipal ordinance. *Neapolitan* v. *United States Steel Corp., supra,* has never been overruled and is controlling.

Therefore, for the foregoing reasons, defendant's motion to dismiss should be, and hereby is, overruled.

*Motion to dismiss overruled.*