THE STATE OF OHIO, APPELLANT, *v.* PRICE, APPELLEE.

(No. 72-576—Decided April 25, 1973.)

44

46

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Hyman Friedman,* for appellant.

*Messrs. Gold, Rotatori, Messerman & Hanna* and *Mr. Harry A. Hanna,* for appellee.

O'NEILL, C. J. The sole question presented by this appeal is whether the trial court abused its discretion in refusing to grant the continuance requested by appellee. The Court of Appeals held that it did, citing *Avery* v. *Alabama* (1940), 308 U. S. 444, in support of its holding.

The judgment of the Court of Appeals is reversed.

*Avery* presents facts substantially harsher than the case at bar, yet the Supreme Court of the United States upheld the conviction. The principal difference is that, in *Avery*, both defense counsel requested the continuance after receiving appointment some two or three days before trial, and submitted affidavits indicating that they were inadequately prepared. Both of the affidavits revealed that the attorneys were engaged in litigation of other cases between the time of their appointments and the Avery trial. In spite of these facts, the Supreme Court rejected Avery's claim that the trial court abused its discretion in failing to grant the requested continuance. Instead, at page 450, it held:

"Under the particular circumstances appearing in this record, we do not think petitioner has been denied the benefit of assistance of counsel guaranteed to him by the Fourteenth Amendment. His appointed counsel, as the Supreme Court of Alabama recognized, have performed their 'full duty intelligently and well.' Not only did they present petitioner's defense in the trial court, but in conjunction with counsel later employed, they carried an appeal to the state Supreme Court, and then brought the matter here for our review. Their appointment and the representation rendered under it were not mere formalities, but petitioner's counsel have—as was their solemn duty—contested every step of the way leading to final disposition of the case. Petitioner has thus been afforded the assistance of zealous and earnest counsel from arraignment to final argument in this court."

It is difficult to understand why the Court of Appeals chose *Avery* as the principal support of its holding. *Avery* does, however, provide an excellent and flexible test to determine whether a trial court abused its discretion in refusing to grant a continuance in a case such as this. That test is, has the defendant, in light of the record, received zealous and earnest counsel, and has appointed counsel performed its "full duty intelligently and well?" See, also, *Chambers* v. *Maroney* (1970), 399 U. S. 42.

Appellee argues that his counsel has not met this bur-

den. In support of this argument he indicates that no objection was raised against the admission in evidence of the articles seized during the arrest. He contends further that *Warden* v. *Hayden* (1967), 387 U. S. 294, does not support this admission.

That position is not tenable.

*Hayden* promulgated the doctrine that fruits of a warrantless search are admissible in evidence when obtained during an arrest made in hot pursuit of the suspect. The arrest in the present case fits squarely within this doctrine, and therefore objection to the admission of the evidence seized would have been fruitless. See, also, *Chambers* v. *Maroney, supra.*

Upon examination of the record, the court concludes that appellee was fully and ably represented by his appointed trial counsel.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.