THE STATE OF OHIO, APPELLANT AND APPELLEE, *v.*
ROBERTS, APPELLEE AND APPELLANT.

[Cite as State v. Roberts (1980), 62 Ohio St. 2d 170.]

(Nos. 79-838 and 79-931—Decided May 14, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for the state of Ohio.

*Mr. Thomas M. Shaughnessy, Mr. Jay B. White, Mr. James R. Willis,* and *Mr. William L. Summers,* for defendant Roberts.

I.

HERBERT, J. In case No. 79-838, the state argues that defendant's conviction for the possession of a narcotic drug for sale was erroneously set aside by the Court of Appeals. In essence, the state's assertion is founded upon the proposition that the offenses of possession of a narcotic drug for sale, R. C. 3719.20(A),[1] and the sale of a narcotic drug, R. C. 3719.20(B),[2] were not in this cause "allied offenses of similar import" arising out of the "same conduct" within the meaning of R. C. 2941.25(A).

R. C. 2941.25(A) provides:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

This court has recognized that the provisions of R. C. 2941.25 are an apparent attempt by the General Assembly to codify the judicial doctrine of merger. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 400 N. E. 2d 897; *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 397 N. E. 2d 1345. The statute prohibits cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one of-

---

[1] R. C. 3719.20 provided:

"No person shall:

"(A) Possess for sale a narcotic drug except in accordance with the provisions of sections 3719.10 to 3719.22, inclusive, of the Revised Code."

[2] R. C. 3719.20 provided:

"No person shall:

"* * *

"(B) Sell a narcotic drug except in accordance with the provisions of sections 3719.01 to 3719.22, inclusive, of the Revised Code* * *."

fense has been committed. This is not a new legal principle. See *State* v. *Thomas, supra; Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238, 344 N. E. 2d 133; *State* v. *Best* (1975), 42 Ohio St. 2d 530, 330 N. E. 2d 421; *State* v. *Botta* (1971), 27 Ohio St. 2d 196, 271 N. E. 2d 776; *Weaver* v. *State* (1906), 74 Ohio St. 53, 77 N. E. 273 (paragraph one of the syllabus).

In *State* v. *Donald* (1979), 57 Ohio St. 2d 73, 386 N. E. 2d 1341, this court addressed the question of whether the offense of rape, a violation of R. C. 2907.02(A)(1), and the crime of kidnapping, a violation of R. C. 2905.01(A)(4), could be "allied offenses of similar import" within the contemplation of R. C. 2941.25(A). In answering that query in the affirmative, this court reasoned, at page 75, that "R. C. 2941.25(A) '* * *prohibits duplication where both crimes are motivated by a single purpose and where both convictions rely upon identical conduct and the same evidence.' "

Subsequently, in *State* v. *Logan, supra,* it was indicated that the import of *Donald* was that in order for two offenses to constitute allied offenses of similar import, "there must be a recognized similarity between the elements of the crimes committed" and, "where the facts [of the cause were] such that the same conduct by the defendant could be construed to constitute two allied offenses of similar import," a defendant should be afforded the protection of R. C. 2941.25(A). *Id.,* at pages 128, 129.

A comparison of the instant facts and the elements of R. C. 3719.20(A) and 3719.20(B) demonstrates that, in this cause, these crimes are "allied offenses of similar import" within the meaning of R. C. 2941.25(A). Implicit in this defendant's violation of R. C. 3719.20(B) was a concomitant violation of R. C. 3719.20(A). When the state proved all elements necessary to establish defendant's culpability for the illegal sale of a narcotic drug, it simultaneously proved his illegal possession for sale of the same quantity of the same drug.

The state contends, in effect, that even assuming these crimes are "allied offenses" within the ambit of *Donald* and *Logan, supra,* the conviction in question should be affirmed because defendant's violation of R. C. 3719.20(A) and 3719.20(B) did not arise out of the "same conduct," as re-

quired by R. C. 2941.25(A). The state argues that defendant engaged in separate acts for which separate punishments should be imposed. However, the record is uncontroverted that both offenses arose from a single sale of heroin to a police informant on November 7, 1974. The primary objective of defendant's conduct was the consummation of the sale transaction, and the evidence establishes that this defendant's possession for sale was incidental to, and an indivisible part of, this particular sale. Furthermore, no evidence was presented that defendant possessed a greater quantity of narcotic drugs on the date charged than what was obtained through the sale. *People* v. *Fusaro* (1971), 18 Cal. App. 3d 877, 96 Cal. Rptr. 368; *People* v. *Fortier* (1970), 10 Cal. App. 3d 760, 89 Cal. Rptr. 210; and see, also, *State* v. *Lowell* (Fla. App. 1971), 253 So. 2d 741.

R. C. 2941.25(A) requires us to conclude that where a defendant is charged with the possession for sale of a narcotic drug in violation of R. C. 3719.20(A), and with the sale of a narcotic drug in violation of R. C. 3719.20(B), and the facts demonstrate that both charges are based upon a single sale and involve the same parties and the same type and quantity of drugs, and it is not proven that the defendant possessed a quantity of any type of narcotic drug in excess of the amount sold, the defendant may be indicted for both offenses but may be convicted of only one.

Accordingly, as to case No. 79-838, the judgment of the Court of Appeals is affirmed.

## II.

In case No. 79-931, defendant argues initially that the trial court committed prejudicial error, under Crim. R. 14, in overruling his motion for a separate trial.[3] He asserts that prejudice resulted by the joinder of these cases in that the jury cumulated the evidence submitted against him and did not base its finding of guilt upon evidence referable to specific of-

---

[3] Crim. R. 14 provides, in applicable part:

"If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires."

fenses. Additionally, defendant alleges that the denial of his motion for severance constituted prejudicial error under the Fifth Amendment to the United States Constitution, and under Crim. R. 14, stating that joinder compelled him to testify in both causes when it was his preference to testify in only one.

A defendant who asserts that joinder is improper has the burden of making an affirmative showing that his rights will be prejudiced thereby. Cf. *Fisher* v. *United States* (C. A. 8, 1963), 324 F. 2d 775, certiorari denied, 377 U. S. 999; *United States* v. *Gimelstob* (C. A. 3, 1973), 475 F. 2d 157, certiorari denied, 414 U. S. 828. In the cause at bar, defendant's allegation with respect to the cumulation of evidence is premised upon cases wherein courts have found a tendency of some juries in complex trials not to segregate the proof required on each separate offense, but to convict for all crimes on the combined proof offered upon all offenses. Such convictions thus obtained, when the evidence if considered separately would be insufficient to sustain all the convictions, are improper. *Drew* v. *United States* (C. A. D. C. 1964), 331 F. 2d 85, 88; *Dunaway* v. *United States* (C.A.D.C. 1953), 205 F. 2d 23, 26; *United States* v. *Lotsch* (C. A. 2, 1939), 102 F. 2d 35, 36.

This essential problem is not generally held to be present, however, where the evidence relative to the various charges is direct and uncomplicated, so that the jury is believed capable of segregating the proof on each charge. *Drew* v. *United States, supra.* In our view, the direct and substantial nature of the state's case herein debilitates defendant's assertion that the jury based its finding of guilt upon a cumulation of the evidence. See *Harrington* v. *California* (1969), 395 U. S. 250; *Langford* v. *United States* (C.A.D.C. 1959), 268 F. 2d 896; *Maurer* v. *United States* (C.A.D.C. 1955), 222 F. 2d 414. Moreover, defendant has not shown that the proof for an offense for which he was convicted would have been insufficient had these cases not been joined in the same trial. See *United States* v. *Lotsch, supra.*

Defendant argues also that the joinder of these indictments violated his rights under the Fifth Amendment. At the close of the state's case, defendant moved for a severance of the indictments on the grounds that it was his desire to testify

176

in case No. 79-838, but not in case No. 79-931. This motion was denied, and defendant testified on his own behalf with respect to both indictments.

Defendant's claim of a Fifth Amendment violation is grounded upon the theory that, because a jury may be tempted to infer guilt from a defendant's refusal to testify on his own behalf, see *Griffin* v. *California* (1965), 380 U. S. 609, 614, this adverse inference is compounded when an accused testifies on some charges, but in the same trial refuses to testify on other charges. Accordingly, defendant contends that he was compelled to testify in contravention of the Fifth Amendment in order to avoid this increased inference of guilt.

It is our view that any adverse inference which the jury could have drawn if defendant had failed to testify in one of the cases herein was not constitutionally different from an inference that jurors could draw from his failure to testify in a combined - indictment trial. In each instance, the fact that an accused is faced with the determination whether to testify to avoid a possible adverse inference does not amount to that coercion which the Fifth Amendment was designed to prohibit. See *Williams* v. *Florida* (1970), 399 U. S. 78. Rather, it is one of those "difficult judgments" which the judicial process requires its participants to weigh and consider. *McGautha* v. *California* (1971), 402 U. S. 183, 213.

Defendant complains further that the joinder of these charges violated his rights under Crim. R. 14. To prevail upon this issue, defendant must make a convincing showing that he has important testimony to give concerning one cause, and a strong need to refrain from testifying in the other. Defendant must produce sufficient information regarding the nature of the testimony he wishes to give in the one case, and his reasons for not wishing to testify in the other, so as to satisfy the court that his claim of prejudice is genuine. *Baker* v. *United States* (C.A.D.C. 1968), 401 F. 2d 958, 977, affirmed upon remand, 430 F. 2d 499 (1970), certiorari denied, 400 U. S. 965; *United States* v. *Jamar* (C.A. 4, 1977), 561 F. 2d 1103; *Blunt* v. *United States* (C.A.D.C. 1968), 404 F. 2d 1283, certiorari denied, 394 U. S. 909. The instant record does not reveal convincing reasons for defendant's preference to testify

in one case but not in the other. Hence, an affirmative showing of prejudice has not been made as required by Crim. R. 14.[4]

Defendant alleges also that the trial court's denial of his motion to suppress evidence seized in the search of his house violates the Fourth Amendment to the Constitution of the United States. Specifically, defendant argues that the warrant used to search his house was invalid because it was based upon an affidavit containing material misrepresentations allegedly made by the affiant in an intentional and reckless manner. Secondly, defendant maintains that the warrant does not establish probable cause, urging that neither the reliability of the information given to the affiant by the informant, nor the informant's credibility, was sufficiently established within the meaning of *Aguilar* v. *Texas* (1964), 378 U. S. 108; *Spinelli* v. *United States* (1969), 393 U. S. 410; and *United States* v. *Ventresca* (1965), 380 U. S. 102.[5]

In *Franks* v. *Delaware* (1978), 438 U. S. 154, the United States Supreme Court squarely addressed the issue of when a defendant, under the Fourth Amendment, is entitled to a hearing to challenge the veracity of the facts set forth in the warrant affidavit after the warrant has been issued and executed. The court, at pages 155-156, summarized its holding as follows:

" * * *[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, requires that a hearing be held at the defendant's request.* * *"

---

[4] The defendant's reliance on *Cross* v. *United States* (C.A.D.C. 1964), 335 F. 2d 987, as authority for his proposition that severance should have been granted, is misplaced. The scope of that decision has been substantially limited by that court's subsequent decision in *Baker* v. *United States, supra* (401 F. 2d 958).

[5] In evaluating the sufficiency of the warrant affidavit, defendant asks that we go beyond the averments in the affidavit and assess the affidavit under the Fourth Amendment in light of that evidence in the proceedings below which bears upon the credibility of affiant and the informant. This court has held previously, however, that appellate review of the sufficiency of warrant affidavits under the Fourth Amendment will encompass "only information brought to the attention of the magistrate* * *." *State* v. *Graddy* (1978), 55 Ohio St. 2d 132, 134, 378 N.E. 2d 723, at fn. 1.

A defendant who seeks to overcome the presumption of validity accorded a warrant affidavit by making a substantial preliminary showing of a knowing, intentional, or reckless falsity, has, under *Franks, supra,* the task of supporting his allegations by more than conclusional accusations, or the mere desire to cross-examine. Instead, a challenge to the factual veracity of a warrant affidavit must be supported by an offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim. This offer of proof should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained. Even if the above is established, the court in *Franks* stated that an evidentiary hearing to review the validity of the search warrant is not mandated by the Fourth Amendment if, after the affidavit material alleged to be false is excluded from the affidavit, there remains sufficient content in the affidavit to support a finding of probable cause.[6]

A review of the record at bar indicates that defendant has not sustained his preliminary burden of proof in the manner explicated by *Franks.* In order to support his contention that affiant intentionally and deliberately made false statements to secure the issuance of the search warrant, defendant proferred evidence adduced in the proceedings below which demonstrated alleged inaccuracies in the warrant affidavit. Proof of these inaccuracies alone, however, obtained primarily by way of cross-examination, did not sustain the defendant's burden of making a substantial preliminary showing that a false statement was knowingly and intentionally made by the affiant in the warrant affidavit.

With respect to defendant's assertion that the warrant affidavit basically fails to establish probable cause, we note that it is now well established that a warrant affidavit may be based upon hearsay information and need not reflect the direct observations of the affiant. *Jones* v. *United States* (1960), 362 U. S. 257. As long as the magistrate is presented with a substantial basis to credit the hearsay, so that he will be able to make a neutral and detached determination of probable cause, the affidavit will be sufficient in that regard. *Rugendorf* v.

---

[6] *Franks* v. *Delaware, supra* (438 U. S. 154), at pages 171-172.

*United States* (1964), 376 U. S. 528; *Jones* v. *United States, supra; United States* v. *Harris* (1971), 403 U.S. 573, 581. A substantial basis exists to sustain a magistrate's reliance upon the hearsay of a confidential informant, when the affidavit satisfies the "two prong" test of *Aguilar* v. *Texas, supra* (378 U. S. 108), at page 114. *Aguilar* requires that the magistrate, prior to the issuance of a warrant, be informed of "[1] some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and [2] some of the underlying circumstances from which the officer concluded that the informant***was 'credible' or his information 'reliable.' " *Id.*, at page 114. *State* v. *Graddy* (1978), 55 Ohio St. 2d 132, 378 N.E. 2d 723; *State* v. *Karr* (1975), 44 Ohio St. 2d 163, 339 N.E. 2d 641, certiorari denied, 426 U.S. 936.[7]

With respect to the first prong of *Aguilar,* the present affidavit demonstrates that the informant acquired personal knowledge of the presence of drugs at the premises to be searched by purchasing drugs at that location prior to the issuance of the warrant. We conclude that the present affidavit satisfies the initial requirement of *Aguilar,* that "[a] common and acceptable basis for***[an] informant's information is his personal observation of the facts or events described to the affiant." *State* v. *Karr, supra,* at page 165; *United States* v. *Harris, supra; State* v. *Haynes* (1971), 25 Ohio St. 2d 264, 268, 267 N.E. 2d 787.

As to *Aguilar's* second prong, the instant affidavit indicates that the informant had given information in the past which had "proven successful in the execution of search warrants, the confiscation of heroin and cocaine and the arrest and convictions of drug law violators***." Although it is not mandatory to show an informant has given reliable information in the past, *State* v. *Haynes, supra; United States* v. *Harris, supra; State* v. *Karr, supra,* when an affidavit such as the instant one contains averments which indicate that the informant's prior information has proven successful in assisting

---

[7] See, also, Crim. R. 41(C). If the affidavit is deficient under *Aguilar, supra* (378 U. S. 108), the corroboration of the informant's tip in other parts of the affidavit may sufficiently bolster the informant's credibility so as to enable the magistrate to conclude that probable cause exists. See *Spinelli* v. *United States, supra* (393 U. S. 410, 413); *United States* v. *Harris, supra* (403 U. S. 573).

180

the police, and the past number of such incidents are detailed for the magistrate's perusal, *United States* v. *Ventresca, supra* (380 U. S. 102), such information gives the magistrate a definitive indication of the underlying circumstances upon which he can base his conclusion that the informant is credible and that the contraband to be seized is where the affiant alleges it to be. *State* v. *Haynes, supra; State* v. *Karr, supra,* citing *Jones* v. *Crouse* (C.A. 10, 1971), 447 F. 2d 1395, certiorari denied, 405 U. S. 1018; *United States* v. *Fuller* (C.A. 4, 1971), 441 F. 2d 755, certiorari denied, 404 U. S. 830; *United States* v. *Mendoza* (C.A. 5, 1970), 433 F. 2d 891, certiorari denied, 401 U. S. 943; *Jones* v. *United States, supra* (362 U. S. 257); *McCray* v. *Illinois* (1967), 386 U. S. 300; *Gonzales* v. *State* (Tex. Crim. App. 1979), 577 S.W. 2d 226. Under the instant circumstances, we conclude that the determination of probable cause was not predicated upon either affiant's or the informant's "suspicion," "belief," or mere conclusion that a crime had been committed, *Nathanson* v. *United States* (1933), 290 U. S. 41, 46, but was based upon an affidavit which contained a sufficient recitation of underlying circumstances so as to allow the magistrate to make a neutral and detached determination of probable cause as is constitutionally mandated. *Jones* v. *United States, supra; United States* v. *Harris, supra* (403 U. S. 573); *United States* v. *Ventresca, supra; McCray* v. *Illinois, supra;* see *United States* v. *Swihart* (C.A. 6, 1977), 554 F. 2d 264.

Defendant argues finally that the trial court abused its discretion by not granting his motion for a continuance under Crim. R. 16(E)(3).[8] Defendant contends that the state belatedly complied with his motion to disclose the informant's identity, and this delay prevented him from conducting an investigation into the informant's substantive statements.

On February 11, 1975, defendant filed two motions with the trial court—one which requested the disclosure of the iden-

___

[8] Crim. R. 16(E)(3) states:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

tity of the state's informant, and the other which sought the disclosure of any concessions or promises made to that informant. Although the state responded to the defendant's latter request on June 2, 1975, it did not, out of apparent concern for the informant's safety, disclose the identity of its informant until June 5, 1975. At that time, defendant made a motion to continue the trial. Although the motion was denied, the trial court ruled that the request for a continuance could be reasserted during the trial if defendant showed cause for the delay.

Whether a motion for a continuance should be granted is within the sound discretion of the trial court, and, upon appeal, this determination will not be disturbed absent an abuse of discretion. *State* v. *Kehn* (1977), 50 Ohio St. 2d 11, 15, 361 N.E. 2d 1330; *State* v. *Price* (1973), 34 Ohio St. 2d 43, 295 N.E. 2d 669. A perusal of the instant record does not show that defendant's cause was prejudiced by the trial court's denial of the continuance. The record shows that defendant's counsel was afforded a pre-trial opportunity to thoroughly question the informant with respect to her background and her involvement in the cause. This interrogation provided defendant with considerable information which was damaging to the informant's credibility. It also provided him with ample opportunity to inquire into the informant's participation in the matter before the court. Although defendant contends that additional time to investigate the informant may have led to evidence which could have impugned her testimony, the record indicates that the informant's material testimony against defendant was corroborated in detail by highly credible witnesses whose testimony in this respect was not impeached. Absent a showing by defendant that the denial of his motion for a continuance prejudiced his cause, we conclude that the trial court's ruling did not constitute an abuse of discretion.

In view of all the foregoing, as to case No. 79-931, the judgment of the Court of Appeals is affirmed.

*Judgments affirmed.*

W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs in case No. 79-931.