THE STATE OF OHIO, APPELLEE, *v.* LONG, APPELLANT.

(No. C-830629—Decided October 3, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Seth Tieger,* for appellee.

*Richard L. Bell,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

Appellant, Kenneth Long, was indicted on one count of robbery, in violation of R.C. 2911.02, and one count of escape, in violation of R.C. 2921.34. He was convicted by a jury on both charges and sentenced as appears of record. Appellant timely appealed.

Appellant's single assignment of error alleges error in the trial court's overruling of his motion for separate trials on each count.

The record reveals that appellant and another perpetrated the robbery of a drinking companion. Appellant was apprehended a short time later. While being transported back to confinement after an arraignment appearance, ap-

pellant slipped out of his handcuffs and fled.

Crim. R. 12(B)(5) defines a motion for severance as a pretrial motion, and Crim. R. 12(C) provides:

"All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

In the matter *sub judice* appellant's motion was filed seventy days after arraignment. This is clearly violative of the rule. See *State* v. *Moody* (1978), 55 Ohio St. 2d 64 [9 O.O.3d 71]. Appellant argues that the trial court should have made an exception to the rule in the case *sub judice* because appellant wanted to testify as to one charge and to remain silent as to the other. We do not find prejudice in the trial court's denial of the motion to sever. The Ohio Supreme Court, in *State* v. *Torres* (1981), 66 Ohio St. 2d 340, 344 [20 O.O.3d 313], stated:

"The mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice."

The rule of law in Ohio regarding separate trials places on a defendant the burden of affirmatively showing that his rights will be prejudiced by joinder of multiple counts for trial. *State* v. *Torres, supra; State* v. *Roberts* (1980), 62 Ohio St. 2d 170 [16 O.O.3d 201], certiorari denied (1980), 449 U.S. 879. Appellant's mere allegation that he would prefer to testify on one count, but not the other, does not meet that burden. The record does not demonstrate that appellant was foreclosed from any line of defense by the joinder, nor is there any reason to suspect that the jury based its findings of guilt upon a cumulation of the evidence. To the contrary, the state's evidence on both counts was direct and substantial, and appellant admitted the escape during his testimony.

Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.