**State v. Radford**
**Case No. 11431**
**Montgomery County, (2nd)**
**Decided January 19, 1990**
[Cite as 1 AOA 94]

*Lee C. Falke, Prosecuting Attorney of Montgomery County. BY: Carley J. Ingram, Assistant Prosecuting Attorney, P.O. Box 972, Dayton, Ohio 45422; Attorney for Plaintiff-Appellee,*

*Richard S. Skelton, 1600 One First National Plaza, 130 West Second Street, Dayton, OH 45402; Attorney for Defendant-Appellant.*

FAIN, J.

Defendant-appellant Jeffery Allen Radford appeals form his conviction and sentence on two counts of Aggravated Robbery. Radford contends that the trial court's instructions concerning the jury's consideration of evidence of other acts was erroneous and prejudicial, and that the trial court erred by refusing to sever the two counts on which Radford was convicted from a third count, Attempted Aggravated Robbery, of which he was acquitted.

We conclude that the trial court's instruction concerning other acts, while not a model of clarity, was not so confusing as to be prejudicial, particularly in view of the overwhelming evidence of guilt in this case. Furthermore, we conclude that the trial court was within its discretion in declining to sever the first two counts form the third. Accordingly, the judgment of the trial court will be affirmed.

## I

Radford was charged with two counts of Aggravated Robbery in which he was alleged to have robbed, at gunpoint, two women in a single incident in a restaurant parking lot on October 26, 1988. In the third count, Radford was charged with Attempted Aggravated Robbery. The third count involved an occurrence in the same parking lot one week earlier.

With respect to the third count, Norma Brandenburg testified that she pulled into the parking lot and was sitting in her car with the doors locked when a man whom she identified as Radford came up to the car, hit her car window with a gun, and told her to open the door. When Brandenburg refused to open the door, the man tapped the window again with the gun and again asked her to open the door. Brandenburg testified that Radford then turned the gun around and with the butt toward the window said "I'm coming through anyway." Brandenburg testified that she was looking right at the gun and it was "silver, a small silver automatic."

Brandenburg got her keys out of her purse, started her car and left the area.

The events comprising counts one and two occurred a week later at the same parking lot. Vicky Leavitt and Cherie Mazer were the driver and passenger, respectively, in a car that Leavitt parked in the restaurant parking lot. After Leavitt and Mazer got out of the car and began to walk behind it, a man whom they positively identified as Radford came up to them and asked them to get back in their car. When Leavitt and Mazer returned to their car, Radford was in the doorway of the car holding a gun, and asked for money. Leavitt testified that the gun was a silver hand pistol and had a couple of silver screws located on the top. Mazer described the gun as a "silver handgun." Leavitt and Mazer testified that Radford asked them for money, and they gave him money. Radford also asked for jewelry, and both Leavitt and Mazer gave him their wedding rings. Raddford then told Leavitt and Mazer to leave, which they did.

There was a testimony that Radford resides one and one-half blocks from the restaurant where these events occurred.

Police Detective James George testified that Radford admitted to him that he went to a pawn shop later that day with a young woman and was present with her as she pawned the rings that were subsequently identified as Mazer's and Leavitt's wedding rings.

Radford moved to sever the Third Count from the First and Second Counts, but his motion was overruled.

At trial, over objection, the jury was given the following instruction:

> In consideration of the three acts that are charged in the indictment of this case, you may consider this evidence in relation to whether or not the other acts, other similar acts to that of any one event that has been charged in this event was committed by the defendant. If you find form the evidence that the defendant did commit an act with

which he is charged, if needed, you may then consider evidence of other acts to determine the existence of a purpose, motive, scheme, plan, or system of the Defendant in this case. Evidence of these other acts may not be considered as proof whatsoever that the Defendant did any of the alleged acts in the particular count under considerations.

The jury found Radford guilty of the First and Second Counts, but found him not guilty of the Third Count. Judgments of conviction were entered with respect to the First and Second Counts, and Radford was sentenced accordingly. From his convictions and sentences, Radford appeals.

II

Radford's First Assignment of Error is as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY INSTRUCTING THE JURY ON OTHER ACTS OF THE DEFENDANT.

Radford contends that it was inappropriate to give the jury an instruction concerning other similar acts, because the acts referred to are not uncharged acts, but relate to other acts contained within the indictment.

The State argues that it was entitled to use the conduct charged in the First and Second Counts, which occurred at the same place, exactly one week later, in an attempt to show that Radford's purpose in demanding entry to Brandenburg's car at gunpoint was to rob her. There was no other evidence tending to show Radford's purpose in attempting to force his way into Brandenburg's car at gunpoint.

We agree with the State that the evidence of the subsequent robbery, one week later, at the same place and possibly using the same weapon, was sufficiently related in time and manner to the alleged Attempted Aggravated Robbery one week earlier that it was proper for the jury to be instructed that it could consider the conduct charged in the First and Second Counts for purposes of determining Radford's guilt on the Third Count.

Admittedly, the instruction given by the trial court, apparently being drawn from an instruction customarily given with respect to the jury's consideration of similar uncharged conduct, was not a model of clarity. However,

we conclude that it was not so clearly erroneous or confusing as to have been likely to have been prejudicial to Radford under the circumstances of this case.

Radford was unequivocally identified by Mazer and Leavitt as the person who robbed them. Furthermore, Radford, by his own admission, was present later the same day when the wedding rings taken from Mazer and Leavitt were pawned by a woman accompanying Radford.

The purpose for the instruction was to indicate that the jury could consider the evidence relating to the First and Second Counts for purposes of discerning Radford's state of mind during his alleged commission of the acts in the Third Count. It was, therefore, unlikely that the jury would be prejudiced in its consideration of the First and Second Counts, by the somewhat confusing nature of this instruction.

Radford's First Assignment of Error is overruled.

III

Radford's Second Assignment of Error is as follows:

THE TRIAL COURT SHOULD HAVE ORDERED THAT COUNT III BE TRIED SEPARATELY FROM COUNTS I AND II.

Radford's relies upon *State v. Torres* (1981), 66 Ohio St. 2d 340, in support of this Assignment of Error. In that case, the Supreme Court held that a trial court's refusal to sever two criminal charges was not prejudicial error. The Supreme Court reasoned as follows:

Defendant Torres advances two claims of prejudice. First, he asserts that the evidence of the two sales when presented in a single trial created a cumulation of evidence that was prejudicial due to the sheer weight of all the evidence, irrespective of its probative value, which may have led the jury to convict him on both indictments for drug sales. We find no merit in this claim because the jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. *States v. Roberts* [(1980), 62 Ohio St. 2d 170] at 175. Joinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak [citation omitted],

but is otherwise when the evidence is direct and uncomplicated and can reasonably be separated as to each offense [citation omitted]. The evidence in the instant case, however, not only was direct and uncomplicated as to each indictment, but it also was amply sufficient to sustain each verdict, whether or not the indictments were tried together.

Second, the defendant claims that prejudice arose because the joinder prevented him from using the best defense he had against each of the two charges. His defense of entrapment in the first sale logically required that he contend by his own evidence and in argument that he was entrapped into both the first sale and second sale. It follows, he claims, that he was unable to assert some other defense to the second sale. But he did not inform the trial court what the other defense was, and he did not recount it on appeal. The mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice. [Citation omitted.]

The reasoning in *State v. Torres, supra,* applies with at least equal force in the case before us. The evidence on the First and Second Counts was simple, uncomplicated, and somewhat overwhelming. That the jury had no difficulty in separating the two episodes is evident from the fact that the jury returned a verdict of not guilty with respect to the Third Count. Furthermore, the offenses were related in this case in the sense that the proof of Radford's guilt on the First and Second Counts ended to prove his intent to rob, which was an essential element of the Third Count. Finally, Radford's argument that he might have chosen to testify in his own defense with respect to the First and Second Counts, but was unwilling to do so with respect to the Third Count, is expressly rejected in the second paragraph quoted above from *State v. Torres, supra.*

We conclude that Radford has failed to demonstrate that the joinder or the Third Count with the First and Second Counts in this case was prejudicial.

Radford's Second Assignment of Error is overruled.

IV

Both of Radford's Assignments of Error having been overruled, the judgment of the trial court will be affirmed.

BROGAN and WILSON, JJ., concur.