**The STATE of Ohio, Appellant,**

v.

**RALLS et al., Appellees.**

[Cite as *State v. Ralls* (1996), 116 Ohio App.3d 92.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 69641, 69642, 69643, 69644, 69645 and 69646.

Decided June 3, 1996.

---

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James A. Gutierrez,* Assistant Prosecuting Attorney, for appellant.

*Nancy D. Ralls,* for appellees.

DYKE, Judge.

Appellant, the state of Ohio, appeals from the trial court's decision to grant appellees' motion to suppress evidence. The trial court found that the affiant, Detective Robert Jablonski, had acted in reckless disregard for the truth in the statements he had made to obtain the search warrant for appellees' residence.

The city of Cleveland condemned appellees' apartment building on January 22, 1992. The tenants were allegedly given notice of the necessity of relocation at this time. The Cleveland Metropolitan Housing Authority ("CMHA") scheduled a relocation meeting for the tenants receiving Section 8 governmental subsidies. Paragraph three of the affidavit issued to obtain a search warrant of appellees' residence indicates that according to CMHA records twenty-seven tenants were receiving Section 8 subsidies. Evidence provided at the hearing to suppress evidence found at appellees' residence revealed that CMHA actually had record of only twenty-three tenants receiving Section 8 subsidies. Paragraph five of the affidavit stated that only fourteen tenants appeared for the relocation meeting. Evidence at the suppression hearing proved that a review of the CMHA files would have revealed that seventeen tenants appeared, leaving only six tenants unaccounted for at the meeting.

Because of the absence of these tenants, CMHA initiated an investigation of those tenants' files. Paragraph six of Jablonski's affidavit stated that "a review of ten of the thirteen tenant files indicates that some if not all tenants were not living at said building while subsidies were being paid to Edmunds Management Company." Evidence presented at the hearing contradicts this statement. Lieutenant Barto, assigned by Jablonski to the investigation, admitted to making only a cursory review of the files. The tenants' files were presented at the suppression hearing. Four files of tenants who failed to appear for the relocation meeting contained documentation to the effect that they had in fact moved. Two other tenants were not accounted for because CMHA had no files for these persons. Barto testified at the hearing that she had failed to check with the Comptroller's Office to verify that those tenants who had moved according to CMHA's own records were no longer receiving subsidies for the apartments at appellees' building. Barto claimed that she had no time to verify CMHA's own records with another CMHA office because she was concerned that obstruction of her investigation might take place if she did not promptly obtain search warrants.

In addition to reviewing these files, Barto and Detective Jablonski also visited the condemned building. They noted that it was in disrepair and that the names on the mailboxes did not match CMHA's list of tenants in some of the apartments.

After this investigation, CMHA sought the search warrants for the Ralls home, the office of Edmunds Management Company and the apartment building itself. A search of the Ralls residence was conducted after the CMHA officers obtained the warrant. According to questioning at the suppression hearing, the CMHA officers not only took documents relating to the apartment building and Edmunds Management Company, but also client files kept by Ms. Ralls in her home law office. The children's rooms at the residence were also searched. Although Ms.

Ralls's files were promptly returned to her, we are distressed by the invasive nature of the search. However, we do not reach the issue of the search itself. The issue raised by this appeal is whether the tactics used to obtain the search warrant were misleading so as to form an insufficient basis for probable cause.

The trial court granted appellees' motion to suppress the evidence obtained in their home after the conclusion of testimony adduced at the hearing. The court found that:

"[T]he defense in this instance has made a substantial preliminary showing that false statements were contained within the affidavit, and the statements were made in reckless disregard of the truth, which the Court finds was readily available to the affiant within the tenant files."

Appellant filed a timely notice of appeal from the trial court's decision to grant the motion to suppress, asserting two assignments of error.

## I

"The trial court erred in granting the defendants' motion to suppress since the detective acted in good faith upon reliable information provided by another government entity."

Appellant argues that the affiant, Robert Jablonski, reasonably relied upon information received from the Section 8 division of the CMHA as to the status of tenants living in appellees' apartment building. Although that information was later determined to be unsupported by the facts, appellant asserts that the statements were believed to be true at the time the affidavit was prepared. It is appellant's argument that the trial court mistakenly focused upon the propriety of the tenants' residency instead of upon the probable cause which could be inferred from the information available at CMHA against appellees. Appellant's arguments are not well taken.

The evidence adduced at the hearing on appellees' motion to suppress sufficiently supported appellees' burden to prove that the statements in the affidavit were made with reckless disregard for the truth. The United States Supreme Court set forth the law on a defendant's burden when challenging the veracity of an affidavit used to obtain a search warrant as follows:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false

material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

*Franks v. Delaware* (1978), 438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672.

The Ohio Supreme Court further defined the defendant's burden as follows:

"[A] challenge to the factual veracity of a warrant affidavit must be supported by an offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim. This offer of proof should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained." *State v. Roberts* (1980), 62 Ohio St.2d 170, 178, 16 O.O.3d 201, 206, 405 N.E.2d 247, 253. See, also, *State v. Collins* (Feb. 28, 1991), Cuyahoga App. Nos. 58003 and 58004, unreported, 1991 WL 26656.

Where in *State v. Collins, supra,* the defendants failed to make more than a general claim that the affidavit was false, the appellees in the present case specifically outlined the paragraphs of the affidavit which were recklessly averred without regard to the truth. The truth could have been obtained by a careful perusal of the files and an attempt to contact another office within CMHA to verify payment or nonpayment of the subsidies. The evidence presented at the hearing supported the assertions made in appellees' motion to suppress by a preponderance of the evidence. Detective Jablonski made statements in the affidavit which were easily disproved by documents contained within CMHA's own files and offices as to the number of tenants receiving subsidies, the number of tenants who appeared at the relocation meeting, and the fact that notice of relocation was sent to the tenants. The detective did not act with good faith upon reliable information provided by another governmental entity. Jablonski acted with reckless disregard upon unreliable information provided by Lieutenant Barto, not by any other entity. CMHA was the only governmental entity involved. An investigation less reckless and haphazard in its presumptions would have uncovered enough evidence to either raise actual probable cause against appellees or exonerate them from suspicion of wrongdoing.

The investigation and allegations which were relied upon by the magistrate in issuing the search warrant were insufficiently supported by the facts at hand. CMHA effectively trampled upon appellees' Fourth Amendment rights and

caused appellees unnecessary distress by having Ms. Ralls's client files taken and her children's rooms searched. The motion to suppress was properly granted.

Appellant's first assignment of error is overruled.

## II

"The trial court erred in granting defendants' motion to suppress, since the remaining paragraphs of the affidavit are sufficient for a finding of probable cause."

Appellant argues that sufficient evidence remains to support a finding of probable cause, even after the contested statements are excluded. Appellant's argument is without merit.

The paragraphs of the affidavit not affected by the reckless misstatements reveal that an external view of the building indicates nonhabitation and that a visual check of the mail boxes indicates different names posted than CMHA had on its list of tenants. This information hardly supports a finding of probable cause to believe that appellees were involved in wrongdoing.

As the United States Supreme Court stated, the search warrant is void if, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Franks v. Delaware, supra,* 438 U.S. at 156, 98 S.Ct. at 2676, 57 L.Ed.2d at 672.

Appellant's second assignment of error is overruled.

We find that the search warrant was properly found to be void by the trial court. The court's decision to grant appellees' motion to suppress is affirmed.

*Judgment affirmed.*

O'DONNELL and PATTON, JJ., concur.