OPINION
Appellant Steven William Wagner appeals a judgment of the Fairfield County Common Pleas Court convicting him of three counts of intimidation of a witness (R.C. 2921.04(B)), and one count of retaliation (R.C. 2921.05(B)):
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR WHERE A MOTION TO SEVER IS BASED UPON APPELLANT'S NECESSITY TO TESTIFY, AND THE ACCUSED SPECIFICALLY REQUESTS THAT TWO CHARGES IN WHICH HE MUST TESTIFY BE SEVERED FROM TWO CHARGES AGAINST WHICH HE MUST NOT TESTIFY, THE TRIAL COURT ABUSES ITS DISCRETION AND FAILS TO APPLY THE APPROPRIATE TEST OR CORRECT LAW WHEN IT OVERRULES SAID MOTION TO SEVER.
 SECOND ASSIGNMENT OF ERROR VIOLATION OF RULE 404(B), OHIO RULES OF EVIDENCE REQUIRES REVERSAL OF THE CONVICTIONS HEREIN.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ENTERING JUDGMENTS OF CONVICTION FOR MULTIPLE COUNTS OF INTIMIDATION WHEN UNDER THE CIRCUMSTANCES OF THE CASE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.
On June 10, 1998, appellant was convicted of one count of felonious assault, one count of simple assault, and one count of abduction of Debra Castle, following jury trial in Fairfield County Common Pleas Court. As the judge was sentencing appellant, appellant made the following comments: THE DEFENDANT: That's how long you've got. THE COURT: The Court will remand the Defendant to the custody of the Sheriff's Office for execution of sentence. THE DEFENDANT: You can bet on it. DEPUTY RUSSELL: Just watch it. You don't need any more trouble than you've already got. THE DEFENDANT: I'm not worried about trouble with a life sentence here. DEPUTY RUSSELL: You can't fight back. THE DEFENDANT: You got a date, Debbie, Count on it. DEPUTY RUSSELL: Watch your mouth. THE DEFENDANT: Count on it.
Tr., 110, 111.
Deputy Stephanie Russell was in the courtroom as appellant was making these comments. She noted that appellant made eye contact with Ms. Castle while he was speaking. While Deputy Russell was walking appellant across the street to the Fairfield County Jail, appellant said, "I should have killed her while I had the chance. She's a no-good cunt. " Tr. 131. Appellant kept repeating the same remarks to Deputy Russell. Before Debra Castle testified in the assault case, appellant asked her to tell the judge that her statement to the police department was false, and her injuries were incurred when she fell down the steps. Appellant threatened her children and grandchildren in an attempt to prevent her from testifying. Appellant told Ms. Castle that if she testified, she would pay, and that the town wasn't big enough for the both of them. He further told her that they would never find her body. On May 22, 1998, appellant left a message on Debra Castle's telephone answering machine. He told her that she was going to leave, she was not gaining anything by this, and she would have to suffer the consequences. He stated that hate couldn't describe the word, and she would dragging a bunch of people into this that were not necessary. He warned her not to testify, because she was not accomplishing a thing. Ms. Castle believed that appellant would kill her if she testified. While the case was pending, he telephoned her approximately 200 times. On May 28, 1998, Ms. Castle received a letter from appellant. In the letter, appellant wrote, ". . . but like I said, I'll lie down and do this time, but you will give me part of it back. You can count and believe that, no matter where you go." Appellant was indicted by the Fairfield County Grand Jury of three counts of intimidation of a witness and one count of retaliation. The case proceeded to jury trial in the Fairfield County Common Pleas Court, after appellant's motion to sever counts one and two from counts three and four was overruled. Following jury trial, he was convicted of all four counts. Counts three and four were merged, and he was sentenced to three years incarceration on those counts. He was sentenced to three years of incarceration each on counts one and two. The three sentences were to be served consecutively.
 I
Appellant filed a motion to sever the first two counts from the second two counts pursuant to Crim.R. 14. The Bill of Particulars states that count one involves the message left on Ms. Castle's message machine on May 22, 1998. Count two involves the letter received by Ms. Castle on May 28, 1998. Count three and four related to the statements made by appellant in open court at the time he was sentenced. Crim.R. 14 provides that if appears that a defendant or the State is prejudiced by the joinder of offenses for trial, the court shall order separate trials of such counts. Appellant claimed that he was prejudiced by joinder in the instant case because: (1) he desired to testify in his own defense as to counts one and two, but would have no choice but to incriminate himself on the stand as to the allegations in counts three and four, as such statements were recorded in open court; (2) the evidence supporting counts three and four would be inadmissible in a trial on counts one and two; and (3) the jury would convict on all counts based upon the cumulative effect of the evidence presented in a jury trial. To demonstrate error in failing to sever, a defendant must show that: (1) his rights were prejudiced by joinder; (2) at the time he moved to sever, he provided the court with sufficient information to weigh the considerations favoring joinder; and (3) the court abused its discretion in overruling the motion. State v. Schaim (1992), 65 Ohio St.3d 51,59. A defendant has not demonstrated prejudiced where: (1) if the counts were severed, evidence of the alleged misconduct from each count would be admissible in separate trials; and (2) if such evidence would not be admissible, the evidence of each count was simple and direct. Id. Regardless of whether the evidence would have been admissible in separate trials, the evidence in this case was simple and direct. In fact, counsel for appellant admitted as much during the hearing on the motion to sever. Pre-trial motion transcript, page 8. As outlined above, each count involved a distinct incident of a threat against the same victim, by use of different mediums of the communication. Appellant did not demonstrate prejudice. Appellant argues this is not the appropriate standard to apply where the case involves a defendant's desire to testify in some rather than all of the cases. We disagree. A defendant's claim that he might have a better choice of trial tactics if the counts are separated, or that he might desire to testify on one count and not on the other, is a claim of prejudice from joinder. State v. Torres (1981),66 Ohio St.2d 340, 344. As noted by the Ohio Supreme Court, the choice presented by a joint trial as to whether to testify on some counts but not on others is not constitutionally infirm, as it is not the type of coercion the Fifth Amendment is designed to protect against. State v. Roberts (1980), 62 Ohio St.2d 170, 176. The first assignment of error is overruled.
 II
Appellant argues that admission of other acts evidence violated Evid.R. 404 (B). Evid.R. 404 (B) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he acted in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Appellant argues that the court erred in admitting evidence of the underlying crimes of assault and abduction against Ms. Castle. Appellant was charged with intimidation of a crime victim or witness in violation of R.C.2921.04 (B). The statute requires the State to prove that appellant knowingly, by force or by unlawful threat of harm to any person or property, attempted to influence, intimidate, or hinder the victim of crime in the filing or prosecution of criminal charges, or a witness involved in a criminal action in the discharge of the duties of the witness. Therefore, some evidence of the underlying crime was necessary to establish that Debra Castle was in fact the victim in a criminal proceeding, and appellant was attempting to prevent her from further prosecution of the underlying case. As to evidence of the numerous amount of telephone calls and letters written to Ms. Castle by appellant during the pendency of the underlying trial, the court concluded that such evidence was admissible to demonstrate intent and motive. In State v. Martin (1985), 19 Ohio St.3d 122, cert denied, 474 U.S. 1073, the trial court held that letters from the defendant to his girlfriend were admissible pursuant to Evid.R. 404 (B) because they tended to show that the defendant was trying to convince his girlfriend to lie for him after he was charged. The admission of one letter helped corroborate the two subsequent letters, therefore showing the trier of fact the defendant's motive, intent, and scheme by his efforts to attempt to convince the girlfriend to lie on his behalf. Id. In the instant case, the letters and telephone calls from appellant to Ms. Castle, and his communications with the deputies of the Fairfield County Sheriff's Department, demonstrate a common scheme, plan, or course of criminal conduct related to appellant's motive in attempting to frighten the victim to testify against him in the prior case. The alleged incidents all relate to the prosecution of the same underlying criminal charges against appellant, all relate to the same type of behavior by appellant, all involve the same victim, and all concern his motive and intent to prevent her from testifying following the filing of criminal charges. The evidence of other acts tend to show appellant truly intended to prevent Ms. Castle from testifying in the letter and telephone call charged in the instant case, and such references were not by mistake. Further, the court took great care to ensure that the jury understood the proper use of such evidence. First, before Ms. Castle began to testify, the court gave a limiting instruction concerning evidence of the underlying offenses. The court instructed the jury that they could not consider such evidence to prove the character of appellant in order to show that he acted in conformity with that character in the instant case. Tr. 245, 246. The trial court again reiterated this instruction during re-direct examination of Debra Castle. Tr. 377-378. Finally, during final jury instructions, the court again instructed the jury that they were to consider evidence of other acts only for the purpose of deciding whether it proves his intent or purpose to commit the offenses charged in this trial, or knowledge of circumstances surrounding the offenses charged in the trial, and could not be considered to show that appellant acted in conformity with such character, or for any other purpose. Tr. 574. The second assignment of error is overruled.
 III
Appellant argues that the court erred in entering judgments of conviction on multiple counts of intimidation, as they are allied offenses of similar import. Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offense of the same or similar kind committed separately or with a separate animate as to each, the indictment or information may contain counts for such offenses, and the defendant may be convicted of all of them. R.C.2941.25 (B). In the instant case, the three counts of intimidation were clearly committed separately. The offenses occurred on separate dates: May 22, 1998; May 28, 1998; and June 10, 1998. One count was committed by telephone, one count by letter, and one in open court. As the three crimes were clearly committed separately, the court did not err in failing to find them to be allied offenses of similar import. The third assignment of error is overruled.
The judgment of the Fairfield County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur