DECISION AND JOURNAL ENTRY
Defendants Geri and Timothy Tucker have appealed their convictions from the Lorain County Common Pleas Court. This Court affirms.
 I.
During December 1996, James Lynsky had received a phone call from the Huron County Drug Task Force, indicating that a man by the name of Turtle Johnson was going to Lorain to sell LSD. Officer Lynsky, along with the Lorain County Drug Task Force, followed a specific vehicle that Turtle Johnson was supposed to be driving. They watched the vehicle drive throughout Lorain and eventually stop at the Tucker residence. During the next few weeks, Officer Lynsky conducted a joint investigation with the Huron County Drug Task Force. Officer Lynsky saw the same vehicle approach the Tuckers' house and received another message from the Huron County Drug Task Force that Johnson was going to sell LSD in Lorain on January 10, 1997. Relying on the above facts, Officer Lynsky obtained a search warrant. On January 11, 1997, the Lorain County Drug Task Force executed a search warrant on the Tuckers' residence. After the officer announced their presence, a surveillance officer saw Mr. Tucker throw marijuana out of a basement window. During the search, Mr. Tucker questioned the officers about what substance they were trying to locate. The officers replied that they were looking for the LSD, and Mr. Tucker stated that he had not received it because his source would not front him the LSD. The search revealed one gel cap of LSD.
On March 5, 1997, Mr. Tucker was indicted on one count of the following: conspiring to traffic LSD, possession of marijuana, possession of one gel cap of LSD, and tampering with evidence. On the same day, Mrs. Tucker was indicted on one count of possession of marijuana and complicity to tampering with evidence. Mr. Tucker challenged the veracity of the affidavit in support of the search warrant, while his wife did not. On December 18, 1998, a suppression hearing was held. At the end of the hearing, Mr. Tucker's motion to suppress was denied.
On June 24, 1999, Mr. and Mrs. Tucker's cases were consolidated for purposes of a jury trial only. Shortly thereafter, Mr. Tucker pled no contest to an amended charge of attempted trafficking of LSD, and the remaining three counts in the original indictment. Mr. Tucker was sentenced to serve the following terms concurrently: two years in prison for the charge of attempted trafficking of LSD; ten months in prison for the charge of possession of LSD; two years in prison for tampering with evidence; and, ten months in prison for possession of marijuana. Mrs. Tucker pled no contest to the counts in her indictment, and was placed on active probation. Mr. and Mrs. Tucker timely appealed, asserting three assignments of error.
 II. Assignment of Error Number One Whether the trial court erred in denying Defendants' motion to suppress.
 A.
As a preliminary matter this Court notes that Mrs. Tucker did not file a motion to suppress in her case, therefore, she cannot challenge the suppression hearing. Accordingly, Mrs. Tucker's first assignment of error is overruled
 B.
In his first assignment of error, Mr. Tucker has argued that the trial court erred in denying his motion to suppress the evidence obtained by the search warrant. Essentially, Mr. Tucker has challenged the validity of the warrant by alleging that the affidavit contains misrepresentations and omissions. This Court disagrees.
In order to attack the veracity of a facially sufficient search warrant affidavit, a defendant must prove by a preponderance of the evidence that the affiant made a false statement, either "intentionally, or with reckless disregard for the truth." Franks v. Delaware (1978), 438 U.S. 154, 155-156,57 L.Ed.2d 667, 672. The Ohio Supreme Court has explained a defendant's burden in challenging the validity of an affidavit according to Franks. See State v. Roberts (1980), 62 Ohio St.2d 170,178.
 A defendant who seeks to overcome the presumption of validity accorded a warrant affidavit by making a substantial preliminary showing of a knowing, intentional, or reckless falsity, has, under Franks, supra, the task of supporting his allegations by more than conclusional accusations, or the mere desire to cross-examine. Instead, a challenge to the factual veracity of a warrant affidavit must be supported by an offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim. This offer of proof should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained. Even if the above is established, the court in Franks stated that an evidentiary hearing to review the validity of the search warrant is not mandated by the Fourth Amendment if, after the affidavit material alleged to be false is excluded from the affidavit, there remains sufficient content in the affidavit to support a finding of probable cause.
 Id.
In the case at bar, Mr. Tucker has challenged the validity of the affidavit for two reasons. First, he has argued that the magistrate was never apprised of the surveillance activities and was misled into believing that the source went straight to the Tuckers' home to sell the LSD. Next, he has asserted that the affidavit is insufficient because it contains hearsay from outside sources. His arguments are not well taken.
In reviewing the transcript of the suppression hearing, this Court concludes that Mr. Tucker did not show that Officer Lynsky intentionally or recklessly misrepresented the statements in the affidavit. Although the magistrate may not have known every stop that the source made on his route to the Tucker residence, the affidavit accurately reflects that the source went to the Tucker residence to sell the LSD. Moreover, Mr. Tucker voluntarily told the officers that the source would not front him the LSD. Accordingly, the affidavit supporting the search warrant was valid.
With regards to Mr. Tucker's argument that the hearsay statements are unreliable, this assertion is also unpersuasive. "[S]tatements made to fellow police officers in the same investigation are an inherently reliable basis for another police officer to create an affidavit for a search warrant." State v.Bradley (Dec. 5, 1996), Logan County App. No. 8-95-15, unreported, 1996 Ohio App. LEXIS 5685, at *17, citing State v. Henderson
(1990), 51 Ohio St.3d 54, 57. At the hearing, Officer Lynsky indicated that his sources were the Lorain County Drug Task Force and Captain McLaughlin from the Huron County Drug Task Force. He further testified that these sources have been proven reliable in the past. In light of the foregoing, this Court concludes that Mr. Tucker has failed to show by a preponderance of the evidence that the Officer Lynsky made a false statement, either intentionally, or with reckless disregard for the truth. Accordingly, his first assignment of error is overruled.
Assignment of Error Number Two
 Whether the trial court's verdict on the attempted trafficking charge was against the manifest weight of the evidence.
 A.
Initially this Court notes that Mrs. Tucker has not pled to a charge of attempted trafficking, therefore, her argument has no basis. Accordingly, Mrs. Tucker's second assignment of error is overruled
 B.
In his second assignment of error, Mr. Tucker has argued that the verdict on the attempted trafficking charge was against the manifest weight of the evidence. When Mr. Tucker pled "no contest" he admitted those facts as true. See Crim.R. 11(B)(2). "A defendant who has pleaded `no contest' to a charge cannot later challenge his conviction on the grounds it was against the manifest weight of the evidence." State v. Harris (Oct. 30, 1996), Lorain App. No. 95CA006275, unreported, at 14. Therefore, his conviction cannot be against the manifest weight of the evidence. His second assignment of error is overruled.
 Assignment of Error Number Three The criminal offense of tampering with evidence [R.C. 2921.12(A)(1)] was unconstitutionally applied to possession of marijuana [R.C. 2925.11] as it disproportionately enhanced the penalty, which violated the Eighth Amendment to the Constitution.
 A.
The record indicates that Mrs. Tucker has pled to one count of possession of marijuana and complicity to tampering with evidence. The trial court placed her on active probation. Based on the forgoing, Mrs. Tucker's third assignment of error is without merit.
 B.
In his third assignment of error, Mr. Tucker has argued that the sentence imposed is unconstitutional. His main argument is that he was sentenced to two years in prison for the offense of possessing marijuana, when the maximum sentence for this violation is only eighteen months. Mr. Tucker's argument is misguided because he was sentenced to a term of ten months on one count of possession of marijuana and two years on one count of tampering with evidence. The record further reveals that this sentence was to be served concurrently. In light of the foregoing, his argument is without merit.
 III.
Defendants' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., CARR, J., CONCUR.