OPINION
Defendant Stephanie L. Jones appeals a judgment of the Municipal Court of Zanesville, Muskingum County, Ohio, which convicted and sentenced her for two counts of assault in violation of Zanesville City Ordinance Section 537.03. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 WHETHER A CO-DEFENDANT IN A MISDEMEANOR TRIAL HAS A RIGHT TO A SEPARATE TRIAL FROM THAT OF A CO-DEFENDANT NOT REPRESENTED BY COUNSEL, WHEN THE CO-DEFENDANT NOT REPRESENTED BY COUNSEL MAKES ADMISSIONS AT TRIAL THAT COULD AFFECT THE OUTCOME OF THAT TRIAL.
Appellant Stephanie Jones was tried with her two co-defendants, Cynthia Johnson and Zaire Clark. Appellant and Johnson were charged with two counts of assault and Clark was charged with three. Clark was not represented by legal counsel, but testified on her own behalf. All three co-defendants were found guilty of all the charges against them.
Appellant argues her case should not have been joined with her co-defendants because Clark, who was not represented by counsel, made some admissions during the trial which appellant urges could have influenced the court in making a decision.
Crim. R. 14 provides that if it appears one of the parties is prejudiced by a joinder of offenses or defendants, then the court shall order a separate trial or provide such other relief as required by the interests of justice.
Appellant concedes her counsel did not request a separate trial although she asserts she asked counsel to do so.
In State v. Thomas (1980), 61 Ohio St.2d 223, the Ohio Supreme Court held the law of Ohio favors joinder of defendants because this conserves judicial and prosecutorial time, lessens the expenses of multiple trials, is more convenient to witnesses, and minimizes the possibility of incongruous results in different trials before different juries. When a motion for severance is made, the burden lies on the defendant to demonstrate how his rights would be prejudiced by joinder, State v.Roberts (1980), 62 Ohio St.2d 170. The State argues appellant cannot demonstrate prejudice. While it is true appellant's co-defendant Clark made certain admissions when she testified, the record discloses Clark also testified neither of her co-defendants assaulted anyone. In all other ways, it appears Clark testified similarly to appellant's witnesses.
We find the court did not err in joining appellant's trial with those of her co-defendants.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Zanesville, Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Zanesville, Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.