[Cite as *State v. Levy*, 2011-Ohio-6378.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011 CA 00114 |
| DANIEL W. LEVY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                 Common Pleas  Court Case No. 2011 CR
                                 0243


JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          November 30, 2011


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

RONALD MARK CALDWELL              RODNEY A. BACA
Stark County Prosecutor's Office   Schnars, Baca & Infantino, LLC
110 Central Plaza, South           610 Market Avenue, North
Canton, Ohio  44702                Canton, Ohio  44702

*Delaney, J.*

{¶1} Defendant-Appellant Daniel Levy appeals the judgment of the Stark County Common Pleas Court convicting him of sex-related charges after a jury found him guilty of these offenses.

{¶2} On February 23, 2011, a multi-count indictment was returned against Appellant charging him with certain crimes involving 3 minor victims over a 10-year period. He was charged with having unlawful sexual conduct with a minor, R.C. 2907.04(A)(B)(3), sexual imposition with a minor, R.C. 2907.06(A)(1), and furnishing alcohol to an underage person, R.C. 4301.69(A), in regards to victim #1 (A.F.). In addition, he was charged with unlawful sexual conduct with a minor, R.C. 2907.04(A)(B)(1), in regards to minor victim #2 (A.G.); and attempting to compel prostitution, R.C. 2923.02(A), as it pertains to minor victim #3 (J.R.).

{¶3} Appellant pled not guilty to all charges and the matter was set for trial.

{¶4} On April 6, 2011, Appellant filed a motion to separate all the counts for separate trials as to each victim, arguing the inflammatory nature of the charges over different time periods with different victims was prejudicial.

{¶5} Thereafter, the State filed a motion to admit "other acts" evidence at trial pursuant to R.C. 2945.59 and Evid. R. 404(B). The State argued the "other act" evidence pursuant to Evid. R. 404(B) would have been admissible in the separate trials and the evidence was simple and direct, therefore, the charges were properly joined.

{¶6} The State also contended the totality of evidence would demonstrate a "unique, identifiable plan of criminal activity" which was probative of a common scheme

or plan perpetrated by the Appellant and also would demonstrate a lack of mistake or accident regarding the victims' ages.

{¶7}   After hearing, the trial court agreed with the State's position and denied Appellant's motion to sever.

{¶8}   A jury trial commenced on April 18, 2011.

{¶9}   The State presented the testimony of A.G., who was 25 years old at the time of trial.

{¶10}  A.G. testified that she began dating Appellant in late 1998 when she was 13 years old and Appellant was 18 years old.  They dated for approximately 1 year and engaged in sexual activities, sometimes while viewing pornography.  On one occasion, sheriff deputies discovered the pair in Appellant's vehicle parked at an oil well site. Appellant came out of the vehicle partially clothed and related to a deputy he had oral sex with A.G. and she was 14.

{¶11}  A deputy also spoke with A.G. and confirmed her age and that oral sex had occurred. A.G. was returned home by the deputies and thereafter a "no contact" order was issued and the couple stopped seeing each other.

{¶12}  The State next presented the testimony of J.R., who was 23 years old at the time of trial.  J.R. testified to an incident that occurred with Appellant in April of 2002 when she was a middle school cheerleader.  Appellant volunteered at school sporting events and was acquainted with J.R.  Appellant and J.R. were together in a stockroom gathering concession supplies when, according to J.R., Appellant asked her if she would engage in certain sexual activities if he gave her money and showed her cash. J.R. refused and then Appellant tried to fondle J.R. under her uniform. J.R. then left the

room. She subsequently reported the incident to her mother who alerted school officials and social services. Appellant was interviewed by a sheriff deputy and claimed the offer of money was meant only as "joke" and he denied any inappropriate touching.

{¶13} A.F. was the last victim to testify at trial. She was 16 years old at the time of trial. A.F. testified she met Appellant in the summer of 2008 when she was 13 years old. A.F. was a friend of Appellant's younger cousin, named M.L., also a minor, and the two would frequent Appellant's home as he had a tanning bed and swimming pool. Appellant was then 27 years old and married.

{¶14} A.F. testified she engaged in sexual activities with Appellant on four occasions, sometimes while viewing pornography, and after consuming alcohol furnished by Appellant. On one occasion, Appellant took the girls to Victoria Secret and purchased underwear for A.F. He also purchased her a bathing suit and offered her a dollar to straddle a sprinkler. Appellant also engaged in games with the girls such as "truth or dare" involving sexual overtures.

{¶15} In 2009, A.F. sought counseling and the matter was subsequently reported to social services and the Canton Police Department. Appellant was interviewed by police on May 5, 2009, and he acknowledge knowing A.F. and hanging out with the girls. He admitted to providing alcohol at his home to M.L. and taking the girls shopping and playing "truth or dare" games. He admitted to having pornographic movies at home, but denied ever watching them with the girls and had no idea why A.F. would make up allegations against him. He denied sexual activity with A.F.

{¶16} The State rested and Appellant made a Crim. R. 29 motion for acquittal, which was denied.

{¶17} The defense called Christopher Corbi, who was principal at East Canton High School in 2002. He testified that he learned of an incident involving Appellant and J.R. He discussed the incident with J.R. who characterized it as a joke. Mr. Corbi also spoke with Appellant and he confirmed the offer was meant as a joke. Mr. Corbi counseled Appellant that such conduct was not appropriate, even if meant as a joke, and he would rather not have Appellant volunteer that year.

{¶18} The defense next called Appellant's wife who testified as to an identifiable scar on Appellant's penis and that she had never seen Appellant act inappropriately toward younger woman.

{¶19} M.K. also testified for the defense and stated she did not observe any sexually inappropriate conduct between Appellant and A.F. and she is still friends with a A.F. M.K. stated she remembered telling social services that Appellant provided alcohol to the girls. The defense also called Appellant's minister as a character witness.

{¶20} On April 19, 2011, the jury found Appellant guilty of the charges set forth above. The trial court sentenced Appellant to an aggregate four year prison term.

{¶21} Appellant timely appealed and raises three Assignments of Error:

{¶22} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SEVER THE OFFENSES AND TRY THEM SEPARATELY, THUS PREJUDICING THE APPELLANT.

{¶23} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶24} "III. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

I.

{¶25}  In his first assignment of error, Appellant contends that the trial court erred when it denied his motion to sever the offenses.

{¶26}  Normally, we review a ruling on a motion to sever under an abuse of discretion standard. *State v. Williams* (1991) 62 Ohio St.3d 118, 122, 580 N.E.2d 1, citing *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293, 298 and *State v. Torres* (1981), 66 Ohio St.2d 340, at syllabus.

{¶27}  The record, however, reflects the Appellant did not renew the motion to sever either after the state rested or at the conclusion of all of the evidence. Accordingly, he was waived all but plain error. See, *State v. Owens* (1975) 51 Ohio App.2d 132, 366 N.E.2d 1367, syllabus two (a motion for severance due to prejudicial misjoinder must be renewed at the close of the State's case or at the conclusion of all the evidence and unless made at the time, it is waived); *State v. Ferren*, 8th Dist. No. 95094, 2011-Ohio-3382, ¶ 34; and *State v. Howard*, 3rd Dist. No. 9-10-50, 2011-Ohio-3524, ¶ 82.

{¶28}  Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.  *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 448 N.E.2d 452.

{¶29}  In *Williams*, 62 Ohio St.3d at 122, the Ohio Supreme Court succinctly set forth the legal analysis to employ as to joinder issues, stating:

{¶30}  "The law favors joining multiple criminal offenses in a single trial under Crim.R. 8(A). *State v. Lott* (1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293, 298. Two or more offenses can be joined if they are of the same or similar character. *State v. Torres*

(1981), 66 Ohio St.2d 340, 343, 20 O.O.3d 313, 314-315, 421 N.E.2d 1288, 1290. An accused may move to sever under Crim.R. 14 if he can establish prejudice to his rights. *State v. Lott*, 51 Ohio St.3d at 163, 555 N.E.2d at 298; *State v. Wiles* (1991), 59 Ohio St.3d 71, 76, 571 N.E.2d 97, 108. * * *

{¶31} "The prosecutor may counter the claim of prejudice in two ways. *State v. Lott*, 51 Ohio St.3d at 163, 555 N.E.2d at 298. The first is the "other acts" test, where the state can argue that it could have introduced evidence of one offense in the trial of the other, severed offense under the "other acts" portion of Evid.R. 404(B). *Id.*; see,also *Bradley v. United States* (C.A.D.C. 1969), 433 F.2d 1113, 1118-1119. The second is the "joinder" test, where the state is merely required to show that evidence of each of the crimes joined at trial is simple and direct. *State v. Lott, supra; State v. Roberts* 9180), 62 Ohio St.2d 170, 175, 16 O.O.3d 201, 204, 404 N.E.2d 247, 251; *State v. Torres*, 66 Ohio St.2d at 343-344, 20 O.O.3d at 315, 421 N.E.2d at 1291. If the state can meet the joinder test, it need not meet the stricter "other acts" test. Thus, an accused is not prejudiced by joinder when simple and direct evidence exists, regardless of the admissibility of other crimes under Evid. R. 404(B). *State v. Lott, supra; State v. Roberts, supra; State v. Torres, supra.*"

{¶32} On appeal, Appellant argues the eight year difference in time between the incidents involving A.G. and A.F. warrants severance. He cites no legal authority in support of his argument.

{¶33} We find the eight year difference between the incidents involving A.G. and A.F., standing alone, does not demonstrate the trial court committed plain error in denying severance of the charges. See also, *State v. Ashcraft*, 12th Dist. No. CA2008-

12-305 (upholding a trial court's joinder of offenses arising out of defendant's sexual abuse of 5 female minors over the course of 15 years).

{¶34} In this case, we find the two crimes involving A.G. and A.F. are of the same or similar character. Both involve sexual conduct with a 13 or 14 year old female, the viewing of pornography. Each victim testified as to their various allegations against the Appellant. Each victim gave clear testimony as to her allegations, and the testimony offered by one victim did not contradict or overlap with the testimony of the other victim. The offenses took place during different time periods, in different locations, against different victims. It is unlikely that the jury would have confused the evidence proving the separate conduct, as it was separate in time and place.

{¶35} Moreover, the State did not attempt to use one victim's evidence to corroborate the other victim's testimony. There was no indication that each victim's claims independently corroborated one another and, by implication, made it more likely that the offenses occurred. The victims did not know each other. The State presented its case in an organized, chronological and methodical manner.

{¶36} The trial court instructed the jury that the charges were separate and distinct, and the jury was to consider each count and the evidence applicable to each count separately and to state their findings as to each count uninfluenced by the verdict as to any other count. The jury instruction, along with the direct and uncomplicated nature of the evidence, did not heighten a risk that the trier of fact would likely consider evidence of one offense as corroborative of the other.

{¶37} Nor has Appellant attempted to argue that he would have defended either case differently if the charges had not been joined. See, *Franklin, supra,* at 123.

{¶38}  In this case, the trial court determined that joinder was permissible under both the "other acts" and 'joinder" tests.  Because we find no error in the trial court's determination that the evidence was simple and direct such that appellant was not prejudiced by the joinder of the offenses at trial, we need not determine whether the trial court erred in finding that evidence of each offense would have been admissible at separate trials pursuant to Evid. R. 404 (B). *Williams*, *supra*, at 122.

{¶39}  Appellant also faults the trial court in failing to hear evidence from J.R. at the motion hearing before overruling the motion to sever.

{¶40}  At the motion hearing, the State presented the testimony of A.G. and A.F. Appellant did not object or raise the issue of severance as to the charge involving J.R. or lack of testimony thereof at the hearing.  As noted earlier, Appellant did not renew a motion for severance at any time during trial, even after the State's case when the testimony of J.R. was presented, and this well may have been a strategic decision.

{¶41}   Where a defendant claims that joinder was improper he must affirmatively show prejudice. *State v. Roberts* (1980), 62 Ohio St.2d 170, 175, 405 N.E.2d 170. Upon review of the record, we find Appellant has failed to meet his burden in demonstrating prejudice as to the joined offenses.

{¶42}  We find no plain error in the trial court's conclusion that the offenses were of the same and similar character and that the evidence was simple and distinct.

{¶43}  Accordingly, Appellant's first Assignment of Error is overruled.

II.

{¶44}  In his second Assignment of Error, Appellant contends that he was denied the right to effective assistance of counsel.

{¶45} An ineffective assistance of counsel claim requires a showing that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Prejudice requires a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. When determining whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'". *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694-695.

{¶46} Appellant argues that he received ineffective assistance of counsel because his trial counsel made inappropriate remarks during opening statement and closing argument. For example, during opening statement, the trial court sustained two objections by the State when defense counsel began making argument to the jury instead of explaining what the evidence will or will not be. The trial court also sustained objection made by the State when defense counsel commented upon the possible punishment Appellant would receive if found guilty by the jury. Defense counsel also insinuated at a sidebar conference that the State's prosecutors, both women, were biased against men. [1]

---

[1] The record does not reflect the jury overheard the sidebar statements by defense counsel.

{¶47} During closing, Appellant takes issue with defense counsel's argument that conceded Appellant did inappropriate things, such as purchasing the underwear and bathing suit, but that was not a crime. Counsel also indicated that he was not claiming Appellant was "innocent and clear" because of these activities, but that the State had not proven the case. For example, defense counsel stated "[w]e are not saying he's not guilty, we are saying they haven't proven their case. That's all we have to do."

{¶48} A review of the entire transcript reveals that trial counsel made the above statements as part of his trial strategy, which was to admit that the Appellant engaged in perhaps some inappropriate behavior (such as purchasing the underwear and bathing suit, making a joke) but denying illegal sexual conduct. While trial counsel strayed from the proper parameters of opening statement (which sometimes occur in the emotions of trial), we cannot say this amounted to ineffective assistance of counsel. The record demonstrates trial counsel thoroughly cross-examined the State's witnesses, made Crim. R. 29 motions after the State's case and the close of the evidence and adamantly argued the State did not meet its burden of proof, which is often-used trial strategy. We cannot second guess counsel's strategy simply because it was not successful.

{¶49} We also observe that the trial court expressly instructed the jury that opening statements and closing arguments of counsel are not evidence but only designed to assist the jury. A jury is presumed to follow the instructions of the court. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 86.

{¶50} Accordingly, we find no ineffective assistance of counsel and overrule the second Assignment of Error.

III.

{¶51}  Appellant's final assignment of error challenges the sufficiency and weight of the evidence upon which the jury verdict rested.

{¶52}  The standard of review for a challenged to the sufficiency of the evidence was set forth in *State v. Jenks* (1991), 61 Ohio St.3d d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶53}  In determining whether a conviction is against the manifest weight of the evidence, the court of appeal functions as a "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.  Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weights heavily against the conviction" *Id.*

{¶54}  Appellant's challenge to the evidence is general in nature and not specific as to any element of the offenses of which he was convicted.

{¶55} Ample direct and circumstantial evidence was presented by the State via the testimony of the three victims and the investigating law enforcement officers. We conclude the State's evidence, if believed, was sufficient for any rational trier of fact to find that Appellant committed the offenses of unlawful sexual conduct, sexual imposition and furnishing alcohol to a minor, A.F.; unlawful sexual conduct with A.G, a minor and attempting to compel prostitution with J.R.

{¶56} In this matter, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in convicting Appellant of these charges.

{¶57} Appellant's third Assignment of Error is overruled.

{¶58} Accordingly, we affirm Appellant's conviction and sentence in the Stark County Court of Common Pleas.

By: Delaney, J.

Hoffman, P.J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. JOHN W. WISE

[Cite as *State v. Levy*, 2011-Ohio-6378.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DANIEL W. LEVY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011 CA 00114 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE