[Cite as *State v. Khaliq*, 2017-Ohio-7136.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 15-CA-64 |
| OMRAN A. KHALIQ | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Common
                             Pleas Court, Case No. 2014CR00305

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 4, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         MICHAEL R. DALSANTO
Licking County Prosecutor                 3 South Park Place, Suite 220
                                          Newark, Ohio 43055
By: PAULA M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}  Defendant-appellant Omran A. Khaliq appeals his conviction and sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  At all times relevant herein, Appellant and Andrea Jagodzinski were involved in a custody dispute concerning their minor child. During the proceedings, Jagodzinski hired a private investigator relative to Appellant's sale of counterfeit items.

{¶3}  Cerise Allen, an agent of Silvania Investigative Services, forwarded the results of her private investigation to the Newark Police Department. As a result, on November 6, 2013, the Newark Police Department executed a search warrant for Appellant's residence for evidence relating to trademark counterfeiting. During the search of Appellant's home, the Newark Police Department seized a small bag containing a white powder later identified as cocaine. The officers also seized numerous items believed to be counterfeit goods.

{¶4}  On November 26, 2013, Appellant called the Licking County Sheriff's Office and left a telephone message for Captain David Starling. Captain Starling received the message upon returning to his office. An audio recording of the message was played at trial herein as Exhibit 31. Appellant stated on the message, in pertinent part,

Uh, Mr. Starling, how ya doin' man? This is Ramon, used to be "Smith," it's Omran Khaliq now. Uh don't mind if you call me Ramon, but the Smith thing, that's not me anymore.

Uh, I need you to call me back as soon as you can. 740–344–7814 an uh, uh you can contact me on my cell phone, I don't even know the number. 740–644–3622, uh, that's my girlfriend's number and she can give you my number to call me on my cell.

Uh, I need some serious, um, help with uh this Newark Police Department, and uh, I need a number to internal affairs, you know, I'm, I'm just sick and tired of this man, I gotta do this the right way this time, um, I'm fed up man, you know what I'm sayin', and I'm just, I'm just letting you know I'm real fed up and if nobody's gonna do something about um this damn Newark Police Force with their bullshit I'm gonna have to do something my damn self, you know what I'm sayin'?

I got kids, I care about 'em, I love 'em, I love people, I love life, but you know what ... before I let mother fuckers destroy my life, some shits gotta happen man, you feel me? I know, people don't understand, you can only keep doin' certain things to certain people man and pressure bursts pipes, you know? I see why mother fuckers grab shit, guns and run up in these motha fuckin' buildings shootin' mother fuckers and shit, I can understand it. I can understand peoples ya know, they just get too fed up and if you ain't strong, ya know what I mean, you can just go out the back door doin' some crazy shit so I understand, ya know, the shit with the kids shootin' kids at school. I can't understand that shit, ya know it's a little different, but grown people, I can understand it. They get fed up, ya know, and they gotta take matters into they own hands.

I need some help man. I need some real, serious help. Newark is on some bullshit, they always on some bullshit, you know it, the Sheriff's department knows it, they know how Newark Police are, and I'm sick and tired of it bro. I gotta get some help or somethin's gonna happen man I'm tellin' ya. I'm not goin' out like this, I'm not going to have these mother fuckers disrupting my life when I done made a change ya know what I'm sayin, doin' things better, coaching biddy wrestling, tryin' to get my life together, tryin' to keep my family structured, it's not gonna happen man. I'm done with it. I'm 44 years old ... ya know what I mean? So, it either 44 ... you know what I mean? Magnum, or somebody gonna do somethin' about this man. That's where I'm at with it ... 44 Magnum.

Appellant's Merit Brief, 12–13.

{¶5}   On December 11, 2013, Appellant made another telephone call to the Newark City Law Director's Office. Casey Osborne, the receptionist for the Law Director's Office, answered the phone and Appellant asked to speak with Mike King, the Assistant Law Director. Appellant identified himself to Osborne as "Sergeant Davis." Tr. at 314–315. When Casey Osborne inquired as to the subject matter of the telephone call, Appellant answered, "A case that we have, it's confidential." *Id.* When transferred to Assistant Law Director King, Appellant announced himself as Omran Khaliq. Osborne could overhear the conversation and Appellant state his true name. *Id.*

**{¶6}** As a result, the Licking County Grand Jury indicted Appellant on one count of illegal possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree; one count of engaging in trademark counterfeiting, in violation of R.C. 2913.34(A)(4), a misdemeanor of the first degree; one count of attempting to influence, intimidate or hinder a public servant in the discharge of his or her duty, in violation of R.C. 2921.03, a felony of the third degree; and one count of impersonating a peace officer, in violation of R.C. 2921.51(B), a misdemeanor of the fourth degree.

**{¶7}** Following a jury trial, Appellant was found not guilty of possession of cocaine, but guilty as to the remaining counts. On August 3, 2015, the trial court sentenced Appellant to eighteen months in prison.

**{¶8}** Appellant filed a direct appeal to this Court in *State v. Khaliq,* Licking App. No. 15CA64, 2016-Ohio-7859, assigning as error:

"I. THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE THAT THE APPELLANT'S THREAT WAS AN 'UNLAWFUL THREAT' IN VIOLATION OF R.C. § 2921.03. R. AT 175.

"II. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY ON THE *CRESS* DEFINITION OF 'UNLAWFUL THREAT.' R. AT 175.

"III. THE JURY'S VERDICT CONVICTING THE APPELLANT OF INTIMIDATION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE BECAUSE (A) TAKEN AS A WHOLE, THE APPELLANT'S WORDS DID NOT CONSTITUTE A THREAT AT ALL;

(B) THE APPELLANT'S WORDS WERE TOO UNEQUIVOCAL, UNCONDITIONAL, NOT IMMEDIATE, AND NOT SPECIFIC ENOUGH TO CONSTITUTE AN R.C. § 2921.03 VIOLATION; (C) THE INFERENCE THAT THE APPELLANT THREATENED THE NEWARK POLICE DEPARTMENT IS MANIFESTLY OUTWEIGHED BY THE INFERENCE THAT HE WAS VENTING HIS FRUSTRATION, ASKING FOR HELP, AND EXPRESSING THE SERIOUSNESS OF THE SITUATION; (D) THE APPELLANT DID NOT KNOWINGLY ATTEMPT TO INFLUENCE, INTIMIDATE, OR HINDER THE NEWARK POLICE DEPARTMENT BECAUSE HE NEVER CALLED THEM AND NEVER REQUESTED THAT ANYONE TO RELAY THIS SUPPOSED THREAT TO THEM. R. AT 175.

"IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR MISTRIAL. R. AT 193.

"V. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO EIGHTEEN MONTHS IN PRISON. R. AT 194.

"VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED THE DEFENDANT'S REQUEST FOR ORAL HEARING ON DEFENDANT'S FIRST MOTION TO SUPPRESS EVIDENCE. R. AT 42.

"VII. TRIAL COUNSEL WAS INEFFECTIVE AND TRIAL COUNSEL'S INEFFECTIVENESS PREJUDICED APPELLANT WHEN

SHE FAILED TO ATTACH SUPPORTING DOCUMENTATION TO THE DEFENDANT'S FIRST MOTION TO SUPPRESS. R. AT 26.

"VIII. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED THE DEFENDANT LEAVE TO FILE HIS THIRD MOTION TO SUPPRESS EVIDENCE. R. AT 156."

**{¶9}** Via Opinion and Judgment Entry of November 6, 2016 in *State v. Khaliq*, Licking App. No. 15-64, 2016 Ohio 7859, this Court overruled Appellant's first, second, third and fourth assigned errors. This Court further found Appellant's February 17, 2016 Merit Brief a non-conforming brief pursuant to the appellate rules and the rules of this Court. This Court *sua sponte* struck assignments of error five, six, seven and eight for non-compliance to our appellate rules.

**{¶10}** Appellant filed a motion to reopen his appeal asserting he was denied the effective assistance of appellate counsel due to counsel's failure to file a conforming brief, and to file a complete record on appeal.

**{¶11}** This Court granted the motion to reopen as to the fifth, sixth, seventh and eighth assignments of error.  We hereby incorporate our analysis and disposition as to Appellant's first, second, third, and fourth assigned errors, and proceed to address the remaining arguments raised on appeal.

V.

**{¶12}** In the fifth assignment of error, Appellant maintains the trial court abused its discretion in sentencing Appellant to eighteen months in prison.

{¶13} We review felony sentences using the standard of review set forth in R.C. 2953.08. *Id.* at ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id. See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

{¶14} R.C. 2929.12 lists general factors that must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶15} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender, and others and to punish the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incarcerating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶16} Among the various factors the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as

a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

**{¶17}** R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶18}** In the case at bar, the trial court noted Appellant was not amenable to community control.  The trial court specifically stated on the record and in the sentencing entry it considered the principles and purposes of sentencing. The trial court remarked as to Appellant's veiled threats made during the sentencing hearing, and the charges on which the sentence was based.

**{¶19}** Upon review, we find the trial court's sentence complies with the applicable rules and statutes. The sentence was within the statutory range. Furthermore, the record reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶20}** The fifth assigned error is overruled.

VI. and VII.

**{¶21}** In the sixth and seventh assignments of error, Appellant argues in the alternative.  Appellant maintains the trial court erred in denying his request for oral hearing

as to the first motion to suppress and/or trial counsel was ineffective in failing to attach supporting documentation to the first motion to suppress.

**{¶22}** On July 11, 2014, Appellant filed his first motion to suppress evidence seized pursuant to the search warrant executed on November 6, 2013. The trial court denied the motion to suppress without granting an oral hearing, citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.E.2d 667 (1978).

**{¶23}** Appellant asserts his motion to suppress presented allegations of deliberate falsehood or reckless disregard for the truth. We disagree.

**{¶24}** In *State v. Jackson*, Ninth Dist. App. No. 14CA100953, 2015-Ohio-3520, the Ninth District held,

"There is * * * a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks,* 438 U.S. at 171, 98 S.Ct. 2674. "In *Franks v. Delaware * * *,* the United States Supreme Court squarely addressed the issue of when a defendant, under the Fourth Amendment, is entitled to a hearing to challenge the veracity of the facts set forth in the warrant affidavit after the warrant has been issued and executed." *State v. Roberts,* 62 Ohio St.2d 170, 177, 405 N.E.2d 247 (1980).

To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the

warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Franks* at 171, 98 S.Ct. 2674.

Moreover, "[e]ven if a defendant makes a sufficient preliminary showing, a hearing is not required unless, without the allegedly false statements, the affidavit is unable to support a finding of probable cause." *State v. Cubic,* 9th Dist. Medina No. 09CA0005–M, 2009-Ohio-5051, 2009 WL 3068751, ¶ 11, citing *Roberts* at 178, 405 N.E.2d 247, quoting *Franks* at 171–172, 98 S.Ct. 2674.

{¶25} Appellant's motion to suppress asserts the affidavit in support of the search warrant included "untrue" or "limited" statements. Appellant does not allege deliberate falsehood or reckless disregard for the truth. The motion was not supported by affidavits or sworn, reliable statements of witnesses; nor did Appellant explain the failure to attach affidavits or statements of witnesses. We find the trial court did not error in denying the motion without granting Appellant an oral hearing.

{¶26} In the alternative, Appellant alleges the ineffective assistance of counsel in failing to attach supporting documentation to the motion to suppress.

{¶27} In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate his trial counsel's performance was so deficient it was

unreasonable under prevailing professional norms. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. The defendant must then establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.

*Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83.

**{¶28}** Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.

**{¶29}** We find Appellant has not demonstrated the ineffective assistance of trial counsel herein. Appellant has not demonstrated the outcome of the trial would have been otherwise but for counsel's alleged error and had an oral hearing been granted. We are

not convinced a reasonable probability exists the motion to suppress would have been granted based upon the record as it existed at the time of the trial court's decision. Because Appellant's claim for ineffective assistance of counsel is necessarily based on documentation outside the record, Appellant cannot meet the second prong of *Strickland,* demonstrating prejudice.

**{¶30}** The sixth and seventh assigned errors are overruled.

VIII.

**{¶31}** In the eighth assignment of error, Appellant maintains the trial court abused its discretion in denying leave to file a third motion to suppress evidence as untimely.

**{¶32}** Ohio Rule of Criminal Procedure 12(E) requires all pretrial motions be filed within thirty-five days of the arraignment or seven days before trial, whichever date is earlier. In the interest of justice, a trial court may extend the time for making pretrial motions. The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court. *Akron v. Milewski*, 21 Ohio App.3d 140, 142, 614 N.E.2d 748 (1993).

**{¶33}** On July 11, 2014, Appellant filed his first motion to suppress the evidence seized pursuant to the execution of the search warrant. On September 19, 2014, the trial court denied the motion finding Appellant failed to offer evidence of material falsity. The matter was set for trial on October 14, 2014.

**{¶34}** On October 15, 2014, the trial court continued the trial, appointing new counsel to represent Appellant on October 20, 2014. On December 30, 2014, newly appointed trial counsel filed a second motion to suppress on behalf of Appellant. The State moved to dismiss as the motion was not supported by affidavits or sworn

statements, and was outside the time allotted for pretrial motions. The trial court granted the State's motion to dismiss via Judgment Entry of January 5, 2015.

**{¶35}** On March 3, 2015, Appellant moved the trial court to substitute counsel and to continue the trial, citing a breakdown in communication. The trial court granted the motion and continued the trial until May 12, 2015.

**{¶36}** On March 27, 2015, new trial counsel filed a third motion to suppress, without affidavits or sworn statements regarding material falsity. The State again filed a motion to dismiss the motion as untimely. Appellant filed a motion for leave to file the motion under Rule 12(E). At the time, trial was scheduled for May 13, 2015. Appellant was arraigned on May 6, 2014.[1]

**{¶37}** Upon review of the record, we find the trial court did not abuse its discretion in denying Appellant leave to file a third motion to suppress without supporting affidavits or sworn statements and outside of the time set by rule and the trial court for the filing of pretrial motions.

**{¶38}** The eighth assigned error is overruled.

---

[1] On June 30, 2014 at a pretrial conference hearing, Appellant was granted additional time to file pretrial motions, including a motion to suppress, through July 11, 2014.

{¶39} Appellant's convictions and sentence in the Licking County Court of Common Pleas are affirmed.

By: Hoffman, P.J.

Wise, John, J. and

Delaney, J. concur